WILLARD H. SLEETH, Appellant, v. CORNELIA A. SAMPSON, Individually and as Administratrix of the Estate of ERNEST P. SAMPSON, Deceased, et al., Respondents.

Mortgages — equitable mortgage — action to impress lien upon decedent's real estate as security for loan made to him — when evidence insufficient to establish such lien.

1. An estate or interest in real property (other than a lease for a term not exceeding one year) cannot be created, granted or assigned " unless by act or operation of law, or by a deed or conveyance in writing." (Real Prop. Law [Cons. Laws, ch. 50], § 242.)   A contract " for the sale of any real property, or an interest therein," is void unless the contract, or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the grantor. (Real Prop. Law, § 259.)

2. A mortgage is a conveyance of an interest in real property within the meaning of section 242 and a contract to give a mortgage is a contract for the sale of an interest in real property within the meaning of section 259.   Hence one who promises to make another the owner of a lien or charge upon land, promises to make him the owner of an interest in land, and this is equivalent in effect to a promise to sell him such an interest.

3. Defendant's decedent, who owned a farm, asked plaintiff, as he claims, for a loan, to which plaintiff replied that he had already loaned enough without security.   Decedent offered to give security in the shape of a mortgage on his farm if plaintiff would make the loan. Some money, but how much is not shown, was then handed by plaintiff to decedent.   Thereupon decedent produced the deed under which the farm had been conveyed to him and an abstract of title,

saying at the same time, " You look these over, and see what you can do, and we will go down to the lawyer's in a few days and draw this up." Nothing more was said or done. Upon decedent's death a few weeks later, this action was brought, against those succeeding to his title, for the specific performance of an oral agreement to execute a mortgage upon decedent's farm as security for the loans made to him by plaintiff. The plaintiff cannot recover. The facts proved are insufficient to establish an equitable lien upon decedent's land; instead, the implication is that something more, either through an additional loan or in some other way, was to be done by the plaintiff. The delivery of the abstracts of title and deed to have conveyances prepared, not followed by an instrument in writing signed by the parties, is inadequate. (*Sprague* v. *Cochran*, 144 N. Y. 104; *Smith* v. *Smith*, 125 N. Y. 224, distinguished.)

*Sleeth* v. *Sampson*, 205 App. Div. 797, affirmed.

(Argued October 18, 1923; decided November 20, 1923.)

APPEAL from so much of a judgment, entered May 15, 1923, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, as reverses a judgment in favor of plaintiff entered upon the report of a referee and directs a dismissal of the complaint as to infant defendants Homer E. and Myron D. Shepard.

*Colin M. Lennan, George E. Mull* and *Leon A. Murphy* for appellant. Plaintiff loaned money to defendant's intestate upon the latter's express promise to execute and deliver a bond and mortgage to secure the repayment thereof; nothing remained to be done by plaintiff, and Sampson was prevented from doing any act " unequivocally referable " to the promise to execute the bond and mortgage because of his death almost immediately subsequent thereto. (Real Prop. Law, § 242; *Burns* v. *McCormick*, 233 N. Y. 230; *Sprague* v. *Cochran*, 144 N. Y. 104.)

*Frank Hopkins* for Cornelia A. Sampson, respondent. The evidence is not sufficient to establish a mortgage lien

on real estate. (Real Prop. Law, § 259; *Burns* v. *Mc-Cormick*, 233 N. Y. 230; *Stoddard* v. *Hart*, 23 N. Y. 556; *Woolley* v. *Stewart*, 222 N. Y. 347; *Russell* v. *Briggs*, 165 N. Y. 500; *Cooley* v. *Lobdell*, 153 N. Y. 596; *McKinley* v. *Hessen*, 202 N. Y. 24; *Pounds* v. *Egbert*, 117 App. Div. 756; *Gross* v. *Gorsch*, 124 App. Div. 834; *Meixel* v. *Meixel*, 161 App. Div. 518.)

*Robert H. Gere* for Homer E. Shepard et al., respondents. The alleged oral agreement was indefinite and incomplete. (*Burns* v. *McCormick*, 233 N. Y. 230; *Mandel* v. *Guardian Holding Co.*, 200 App. Div. 767.) The Statute of Frauds is a complete bar to the action. (*Burns* v. *McCormick*, 233 N. Y. 230; *Mandel* v. *Guardian Holding Co.*, 200 App. Div. 767; *Woolley* v. *Stewart*, 222 N. Y. 347; *Wheeler* v. *Reynolds*, 66 N. Y. 227; *Winchell* v. *Winchell*, 100 N. Y. 159; *Cooley* v. *Lobdell*, 82 Hun, 98; *O'Reilley* v. *Thompson*, 2 Cox, 271; Browne on Statute of Frauds, 584, 588, 591, 593; Statute of Frauds [Real Prop. Law, §§ 242, 259; Cons. Laws, ch. 50].)

CARDOZO, J. The action is brought for the specific performance of an oral agreement to execute a mortgage upon land as security for a loan.

Ernest P. Sampson was the owner of a farm in the county of Onondaga. He died December 5, 1921, intestate, leaving his mother, the defendant Cornelia A. Sampson, and two nephews, the defendants Shepard, his sole heirs at law. Letters of administration were granted to the mother.

Sampson, according to the testimony, asked the plaintiff on November 15, 1921, for a loan of $100. Plaintiff responded that he had already loaned enough without security. The existing indebtedness was figured at about $1,200. Sampson offered to give security in the shape of a mortgage on the farm if plaintiff would make the loan. Some money was then handed to the borrower,

though exactly how much the witness who overheard the conversation was unable to state. Thereupon, Sampson produced the deed under which the farm had been conveyed to him in 1904, and an abstract of title, saying at the same time: " You look these over, and see what you can do, and we will go down to the lawyer's in a few days and draw this up." Nothing more was said or done. Upon Sampson's death a few weeks later, this action was brought against those succeeding to his title.

An estate or interest in real property (other than a lease for a term not exceeding one year) cannot be created, granted or assigned " unless by act or operation of law, or by a deed or conveyance in writing " (Real Prop. Law [Cons. Laws, ch. 50], § 242). A contract " for the sale of any real property, or an interest therein," is void unless the contract, or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the grantor (Real Prop. Law, § 259). A mortgage is a conveyance of an interest in real property within the meaning of section 242 (*Bogert* v. *Bliss,* 148 N. Y. 194, 199). A contract to give a mortgage is a contract for the sale of an interest in real property within the meaning of section 259. No doubt the word " sale," when applied to such a transaction, is inexact and inappropriate. Our present statute comes to us by descent from the English statute (29 Car. II, c. 3, § 4), which speaks of " any contract or sale of lands, tenements or hereditaments or any interest in or concerning them." The change of phraseology has not worked a change of meaning. One who promises to make another the owner of a lien or charge upon land, promises to make him the owner of an interest in land, and this is equivalent in effect to a promise to sell him such an interest. The meaning is fixed by an unbroken series of decisions (*Stoddard* v. *Hart,* 23 N. Y. 556; *Sprague* v. *Cochran,* 144 N. Y. 104; *Burdick* v. *Jackson,* 7 Hun, 488; *Brown* v. *Drew,* 67 N. H. 569; *Bloomfield State Bank* v. *Miller,* 55

·Neb. 243; *Clabaugh* v. *Byerly*, 7 Gill [Md.], 354; *Ex parte Hall, In re Whitting*, 10 Ch. Div. 615; *Driver* v. *Broad*, 1893, 1 Q. B. 744; Williston, Contracts, § 491;· Page, Contracts, § 1260; Browne, Statute of Frauds, .§ 267).

· ·· The question remains whether there have been acts of part performance sufficient to relieve from the production of a writing. To be thus effective, they must be of such a nature as to be " unintelligible or at least extraordinary " unless related to a contract to convey an interest in land (*Burns.* v. *McCormick*, 233 N. Y. 230, 232). The payment of money is not enough, unless followed by other· acts, as, ·for example, possession or improvements (*Russell* v. *Briggs*, 165 N. Y. 500, 505; Williston, Contracts, § 494). We ·see no distinction in this respect between a payment for an absolute conveyance and a payment for a mortgage (*Ex parte Hall, In re Whitting*, 10 Ch. Div. 615; *Bloomfield State Bank* v. *Miller*, 55 Neb. 243, 255). A different holding would open wide the door to the entry ·of the evils against which the statute is directed. Any one who had made a loan would be free to transmute it into a loan with a lien upon the land. The danger is emphasized in this case where the bulk of the indebtedness was antecedent to· the promise. *Dicta* in *Sprague* v. *Cochran* (144 N. Y. 104) and *Smith* v. *Smith* (125 N. Y. 224) may seem to suggest that the doctrine of part performance has been extended more liberally to contracts to mortgage than to contracts to sell. They lose their significance when read in relation to the subject-matter of the controversy. In the one case, a mortgage had actually been given, and the court gave relief against an erroneous description. In the other, the lender had gone into possession and had put improvements on the land. We conclude that payment without more does not obviate the necessity for a writing.

The deficiency in the acts of part performance is supplied, it is said, by the delivery of title deeds and abstract. Equitable mortgages by the deposit of title

deeds have long been recognized in England, though the security is frowned upon as contravening the policy of the statute (*Stoddard* v. *Hart*, 23 N. Y. 556, 560; *Norris* v. *Wilkinson*, 12 Ves. Jr. 192). To what extent, if at all, this form of equitable mortgage is permitted in New York, is involved in some obscurity (*Stoddard* v. *Hart, supra; Chase* v. *Peck*, 21 N. Y. 581, 584; *Bowers* v. *Johnson*, 49 N. Y. 432, 435; *Jackson* v. *Dunlap*, 1 Johns. Cas. 114; *Rockwell* v. *Hobby*, 2 Sandf. Ch. 10; *Bloomfield State Bank* v. *Miller, supra*, at p. 255; 2 Reeves Real Prop. pp. 1037, 1038). Even in England, however, the deposit must have been made for the purpose of creating a present or immediate security, and not merely as a preliminary step to the preparation of a mortgage which will be security thereafter (*Norris* v. *Wilkinson*, 12 Ves. Jr. 192; *Ex parte Bulteel*, 2 Cox Ch. 243). We find no suggestion here of the existence of a purpose to create a present lien. " You look these over, and see what you can do, and we will go down to the lawyer's in a few days and draw this up." Far from suggesting a present lien, the implication is that something more, either through an additional loan or in some other way, is to be done by the lender. At best, the case is within the rule that acts merely ancillary or preliminary to performance are not acts of part performance within the equitable doctrine. The delivery of abstracts, putting a deed in the hands of a solicitor to prepare a conveyance, even the preparation of the conveyance, if not followed by the signing, these and like acts have been held to be inadequate (*Nibert* v. *Baghurst*, 47 N. J. Eq. 201, 205; *Brown* v. *Drew*, 67 N. H. 569; Williston, Contracts, § 494, p. 962).

The judgment should be affirmed with costs.

HISCOCK, Ch. J., HOGAN, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment affirmed.