## Avey, et al. v. Via.

(Decided June 19, 1928.)

### Appeal from Hickman Circuit Court.

1. Attorney and Client.—Lawyer cannot assert lien against land under Ky. Stats., sec. 107, for services, though successful in defending title, since employment was not for recovery of property.

2. Frauds, Statute of.—Verbal agreement to create lien on real estate in possession of promisor is within statute of frauds and ineffective for any purpose.

3. Mortgages.—Provision in mortgage executed to attorney that lien therein created should be superior to all others could not affect prior recorded mortgage of another under Ky. Stats., sec. 497, notwithstanding prior parol agreement for lien which was ineffective under statute of frauds.

4. Fraudulent Conveyances.—Mortgage, although given for purpose of preference, held not fraudulent as to creditors, where not attacked under the statute of 1856 (Ky. Stats., sec. 1906).

J. M. BRUMMAL for appellants.

F. B. MARTIN for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

On the —— day of April, 1922, Mrs. Ludie M. Larue executed a deed to Mrs. Lillie May Williams for 500 acres of land on Wolf Island in the Mississippi river. Later R. W. Gray as committee for Mrs. Larue, sued Lillie May Williams and her husband to set that deed aside on the grounds of mental incapacity of the vendor, and that its execution was procured by fraud and undue

influence. The defendants employed J. D. Via to defend the suit, and executed the following written contract:

"This is to certify that I have this day employed J. D. Via to represent me in a lawsuit now pending in the Hickman circuit court wherein R. W. Gray, committee for Mrs. Ludah M. Larue, has sued Lillie May Williams to set aside a deed made to the said Lillie May Williams in said court. And I agree to pay the said J. D. Via, attorney, a fee equal to 33 1/3 per cent. of the amount saved me in said suit, valuing the land at $10,000. We agree to pay the said J. D. Via as soon as the said suit is finally settled, and we agree to pay him this fee whether this suit is tried out to a final judgment or whether the same be compromised. S. B. Williams, husband of the said Lillie May Williams joins in this contract. This April 13, 1923.

"Lillie May Williams.
"S. B. Williams."

Mr. Via accepted the employment and successfully represented his clients in the circuit court and the Court of Appeals. Subsequent to which he defended the title for them in another action and was successful. After defendants' title to the land was confirmed, and on the 25th day of March, 1926, Mrs. Williams and her husband duly executed and acknowledged a mortgage on this land to W. T. and W. S. Avey to secure an indebtedness due them for merchandise furnished them during a period of years, and evidenced by several notes aggregating approximately $3,000, and which was duly recorded on the 10th day of April, 1926. Following that on the 24th of November, 1926, Mrs. Williams and her husband executed a note to Via for $3,933, the aggregate amount due for his services in the two lawsuits and as security therefor, executed and acknowledged a mortgage on the same land, in which it was recited that this lien was to be superior to all other liens. This mortgage was also duly recorded. Subsequently Via brought suit on his note and to enforce this lien, and made the Aveys parties defendant. The Aveys answered and by cross-petition, sought personal judgment against the Williams, asserted a prior lien on the land, and sought its enforcement. In his reply, plaintiff alleged that, at the time of the execution of his contract of employment as attorney, Mr. and Mrs. Williams agreed verbally that, in the event of a suc-

cessful defense of the suit against her, he should have a lien upon the land to secure the payment of his fee. He further alleged that at the time of his employment the Williams were insolvent; that his services were as beneficial to the Aveys as they were to the Williams family; that the Aveys knew of his agreement with them; that their subsequent conduct in procuring and recording the mortgage was a fraud upon his rights, and that they did not thereby acquire any priority over his mortgage. Proof was taken along the lines indicated. The circuit court gave personal judgment in favor of both Via and the Aveys. It further found that Mr. and Mrs Williams made a verbal agreement to give Via a prior mortgage on the land as claimed by him; that such agreement was enforceable as an equitable mortgage; that the Aveys had sufficient notice of this agreement to put them on inquiry; and that their conduct in procuring and recording a mortgage on these lands was fraudulent as to Via, and gave them no priority over his subsequently acquired mortgage. It was then adjudged that the land be sold and Via's debt be paid out of the proceeds of sale, and the remainder of the proceeds, if any, applied to the satisfaction of Avey's debt. The Aveys appeal.

The issues are short and simple. Via does not assert a lien by virtue of section 107 of the statute (Ky. St.), could not, as his employment, though successful, was to defend the title, not to recover the property. Irvine v. Stevenson, 183 Ky. 305, 209 S. W. 7; Lytle v. Bach, 93 S. W. 608, 29 Ky. Law Rep. 424; Thompson v. Thompson, 65 S. W. 457, 23 Ky. Law Rep. 1535; Forrester v. Howard, 124 Ky. 215, 98 S. W. 984, 30 Ky. Law Rep. 375, 124 Am. St. Rep. 394.

2. We may assume that a valid provision to place a lien on the property to secure appellee's fee in the event of a successful termination of the lawsuit could have been placed in the written contract of employment signed by Mr. and Mrs. Williams, and under the evidence the Aveys had such information as would put them on inquiry to ascertain the terms of the contract. But, aside from the fact that, in the absence of an allegation of fraud or mistake, all parol agreements are merged in the writing, it is clear that a verbal agreement to create a lien upon real estate in possession of the promisor is within the statute of frauds and ineffective for any purpose. Lane v. Lloyd, 110 S. W. 401, 33 Ky. Law Rep. 570; Holcomb v. Alterus, 13 Ky. Law Rep. 971;

19 R. C. L. p. 276; 25 R. C. L. p. 570; Newman v. Newman, 103 Ohio 230, 133 N. E. 70, 18 A. L. R. 1090, and annotated notes 1098; Sleeth v. Sampson, 237 N. Y. 69, 142 N. E. 355, 30 A. L. R. 1400, and annotations on page 1403.

3. As no lien, equitable or otherwise, was acquired by virtue of the alleged parol agreement, the provision in the mortgage executed to Via that the lien therein created should be superior to all others could not affect Avey's prior recorded mortgage, section 497, Ky. Statutes; Asher v. Brock, 95 Ky. 270, 24 S. W. 1070, 15 Ky. Law Rep. 631; Stahl v. Lowe, 38 S. W. 862, 18 Ky. Law Rep. 946, 19 Ky. Law Rep. 210; Jones v. Allen, 88 Ky. 381, 11 S. W. 289, 10 Ky. Law Rep. 962; White v. O'Bannon, 86 Ky. 101, 5 S. W. 346, 9 Ky. Law Rep. 334. And, as the mortgage to Aveys is not attacked under the statute of 1856, section 1906, Ky. Statutes, it is not fraudulent as to creditors, although given for the purpose of preference. For the reasons indicated, the mortgage to the Aveys is entitled to priority over Via's mortgage in a distribution of the proceeds of sale, and the court erred in not so holding.

Wherefore the judgment is reversed, and cause remanded, for proceedings consistent with this opinion.