GEORGE W. WALDOCK, *et ux.,* v. ARTHUR J. IBA.

153 So. 915.
Division B.
Opinion Filed November 10, 1933.
Judgment of Reversal Re-entered After Rehearing, March 7, 1934.

*Knight, Pace & Paine,* for Appellants;

*L. J. Cushman,* for Appellee.

BUFORD, J.—Insofar as the facts and the law and its application are concerned they are in nowise materially unlike those involved in the case of Murray, *et al.,* v. Newsom, as Liquidator, in which opinion was filed in this Court on June 27th, 1933.

Therefore, the law as enunciated in that case rules this and the decree here appealed from should be reversed on authority of the opinion and judgment in that case.

It is so ordered.

Reversed.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur.

BROWN, J.—Upon further consideration of this case, I am of the opinion that the facts in this casé are different in certain material respects from those involved in the case of Murray v. Newsom, as Liquidator, decided by this Court June 27, 1933, and not yet reported, and that this case should not be reversed, if· reversed at all, on the authority of the opinion and judgment in that case. I think therefore that a rehearing and reargument in this case should be granted. The question involved is an important one, and I seriously doubt the correctness of our order of reversal.

Rehearing granted.

DAVIS, C. J., and WHITFIELD, ·ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

BUFORD, J.—This case is before us for consideration after argument and submission of briefs on motion for rehearing granted after opinion and judgment was filed herein on August 1, 1933.

After further careful consideration, we have been unable to find any facts or conditions in this case by which it may be differentiated from the case of Murray v. Newsom, as Liquidator, opinion filed June 27, 1933, reported 149 Sou. 387.

Appellee contends that because at the time the mortgagors, Harrod and wife, executed the mortgage to Iba there was outstanding a mortgage in favor of Waldock which Harrod had agreed and assumed to pay, which assumption constituted a part of the purchase price which Harrod and wife agreed to pay for the property and they did not pay, but allowed that mortgage to be foreclosed and afterwards

repurchased the property from the mortgagee, Waldock, who was purchaser at the foreclosure sale, the title under such repurchase from Waldock inured to the benefit of Iba and was subject to his mortgage. This contention is made, although the land was reconveyed by Waldock to Harrod and wife burdened with the purchase money mortgage which was later satisfied by reconveyance of the land by Harrod and wife to Waldock.

Appellee further contends that his position is fortified by reason of the fact that his mortgage contained the following warranty clause:

"And the said mortgagors do hereby fully warrant the title to the said land and will defend the same against the lawful claims of all persons whomsoever."

That this warranty required the mortgagors to protect and defend the title to the premises as conveyed in the mortgage to Iba against the lawful claims of all persons whomsoever and that included the claim of Waldock upon his mortgage, which at the time was an outstanding encumbrance or interest in the land. We think this is not tenable.

A mortgage does not create an interest in land. It is a chose in action which creates a lien on land. But, if it were such an incumbrance as to breach the warranty clause, then the mortgagee's action is against the mortgagor at law on his warranty clause.

For the reasons stated, and upon the authority of the opinion in the case of Murray v. Newsom, as Liquidator, *supra,* the original judgment entered herein should be adhered to and it is so ordered.

DAVIS, C. J., and WHITFIELD, ELLIS nnd TERRELL, J. J., concur.

BROWN, J., dissents.