Action to recover damages for breach of an alleged oral contract to procure a particular type of mortgages for the plaintiffs on certain real property. The defendant interposed a defense based on section 259 of the Real Property Law. Order denying defendant’s motion for judgment on the pleadings reversed on the law, with $10 costs .and disbursements, and the motion granted, without costs. The oral contract involved an interest in real property and therefore was required by section 259 of the Real Property Law to be in writing. (Sleeth V. Sampson, 237 N. Y. 69, 72; Straus & Co., Inc., v. Nelson, 216 App. Div. 431, 433 ; 2 Williston on Contracts [Rev. ed.], § 491.) The action being one at law for damages, it is not saved by the equitable principle of performance in whole or part by the one invoking the oral agreement. The performance relied upon is not “ unequivocally referable ” to the agreement. The performance invoked is of a character that admits of explanation without reference to the alleged oral agreement or contract, hence the performance is not of a character that takes the situation out of the Statute of Frauds. {Burns v. McCormick, 233 N. Y. 230, 232; Sleeth v. Sampson, 237 N. Y. 69, 73, supra; Woolley v. Stewart, 222 N. Y. 347.) Lewis, P. J., Carswell, Johnston and Sneed, JJ., concur; Nolan, J., dissents and votes to affirm, with the following memorandum: The cause of action pleaded is not for the breach of a contract by defendant to procure a particular type of mortgages for plaintiff or to convey, or cause to be conveyed, an interest in real property, but is for the breach of an agreement by defendant not to disburse plaintiffs’ money, entrusted to him, except on specified conditions, among which was the execution by defendant’s client of building loan mortgages. The contract, as pleaded, does not fall within the provisions of the Statute of Frauds.