HERMAN FLYER, Appellant, *v.* WILLIAM D. SULLIVAN, Defendant, and IRVING FALB et al., Respondents.

First Department, October 26, 1954.

*William Sparago* for appellant.

*Frederick L. Weisler* for respondents.

COHN, J. Plaintiff seeks damages for the breach of a contract for the sale of a real estate mortgage made by defendant Sullivan allegedly as agent for defendants-respondents. Defendants-respondents deny the making of the contract and likewise deny the authority of the agent to make any agreement to bind them. The Special Term in granting the order dismissing plaintiff's complaint held that the sale of the mortgage was a conveyance of an interest in real property within the meaning of section 259 of the Real Property Law; that the Statute of Frauds required not only the conveyance to be in writing, but also that the agent's authority to sell be by a writing.

Is the sale of an existing mortgage, as distinguished from the original giving of the mortgage, a conveyance of an interest in real property within the meaning of section 259 of the Real Property Law?

Section 259 of the Real Property Law provides: "A contract for the leasing for a longer period than one year, or for the sale, of any real property, or an interest therein, is void, unless the contract, or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged, or by his lawful agent thereunto authorized by writing."

It has long been the law that a bond, or other obligation, secured by a mortgage lien on realty, is a chose in action and constitutes personal property. The mortgage is a mere incident of the bond or collateral security for the debt. The assignment by a mortgagee of the mortgage lien in the land, without an assignment of the debt, is considered in law as a nullity. (*Jackson ex dem. Curtis* v. *Bronson,* 19 Johns. 325; see, also, *Belfanc* v. *Belfanc,* 252 App. Div. 453, affd. 278 N. Y. 563; 2 Corbin on Contracts, § 403, p. 394, and Thomas on Mortgages [3d ed.], p. 263.) The bond or other evidence of indebtedness is the principal obligation and the mortgage is merely security for the personal indebtedness. (*Seamen's Bank for Sav.* v. *Smadbeck,* 293 N. Y. 91, 95; *Matter of Wilbur* v. *Warren,* 104 N. Y. 192, 197.)

That a bond and mortgage is personalty has been long recognized by the Tax Law of the State of New York (§ 2, subd. 8). So, too, on execution of a judgment, a mortgage on real estate securing a bond has always been treated as personal property and subject to administration by a receiver in aid of execution.

In *Stickler* v. *Ryan* (270 App. Div. 962) the court stated the law as follows: "A real estate mortgage is wholly personal property. It is not a chattel real, nor does it create any estate or interest in real property. It is a mere chose in action, held as collateral security for the payment of a debt. Until foreclosure, as between the parties the mortgagor has the entire fee subject to the lien of the pledge. (*Trustees of Union College* v. *Wheeler,* 61 N. Y. 88; *Matter of Albrecht,* 136 N. Y. 91; *Becker* v. *McCrea,* 193 N. Y. 423; and cases cited; *Prudence Co.* v. *160 W. 73d St. Corp.,* 260 N. Y. 205.) "

Though an agreement by an owner of real estate to execute a mortgage on his property comes within the meaning of section 259 of the Real Property Law (*Sleeth* v. *Sampson,* 237 N. Y. 69, 72; *Davis* v. *Dunnet,* 239 N. Y. 338), a contract to sell an existing mortgage given to secure a bond or other obligation does not.

It is not made by the owner of the realty; it is made by the mortgagee who has no interest in the realty, and who is the owner only of a chose in action which is personal property. Our courts have repeatedly held that a bond and mortgage may be transferred by delivery without a written instrument of assignment. (*Levy* v. *Louvre Realty Co.*, 222 N. Y. 14, 20; *Curtis* v. *Moore*, 152 N. Y. 159, 162; *Strause* v. *Josephthal*, 77 N. Y. 622; *Fryer* v. *Rockefeller*, 63 N. Y. 268, 276; *Ebling Brewing Co.* v. *Gennaro*, 189 App. Div. 782, 786; *People's Trust Co.* v. *Tonkonogy*, 144 App. Div. 333, 335; see, also, *Becker* v. *Wells*, 297 N. Y. 275.) In the circumstances, the motion for summary judgment by respondents should not have been granted.

The order should be reversed and the motion for summary judgment should be denied.

PECK, P. J., DORE, CALLAHAN and BOTEIN, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant and the motion denied.