98 So.2d 889 (1957)
INVESTORS SYNDICATE OF AMERICA, Inc., a Minnesota corporation, Appellant,
v.
DADE COUNTY, a political subdivision of the State of Florida, and Isaac Louis Gillard and Eulelia Gillard, Isaac Moore, Jr., and Lois Moore, Nick White and Prudence White, Bill Gray and Hattie Gray, Shadrich Lewis, Jr., and Betty K. Lewis, Charles Lynch and Pearley Mae Lynch, Bessie Mae Ambrose, Appellees.
No. 57-229.
District Court of Appeal of Florida. Third District.
December 3, 1957.
Rehearing Denied January 8, 1958.
Francis J. McGee, Coral Gables, for appellant.
Hudson, McNutt, Campbell, Isom & Rearick, Miami, for Dade County.
J.D. Johnson, Miami, for Bessie Mae Ambrose.
Walter J. Migoski, Miami, for Isaac Louis Gillard and Eulelia Gillard, Isaac Moore, Jr. and Lois Moore, Nick White and Prudence White, Bill Gray and Hattie Gray, Shadrich Lewis, Jr. and Betty K. Lewis and Charles Lynch and Pearley Mae Lynch.
CARROLL, CHAS., Chief Judge
Appellant holds mortgages on a number of lots improved by residences of which the individual appellees are the owners, and from which the front ten feet amounting to approximately one-tenth of their area was taken by condemnation for highway purposes. These were inexpensive residence properties, and the awards made for the parts taken ranged between $400 and $800 per owner.
Following the condemnation, the mortgagee petitioned the court to be granted the awards. The court made an order that the mortgagee should receive 10% of the amounts of the respective awards, and that the 90% should be payable to the owner-mortgagors.
The mortgagee appealed, claiming that when only part of the mortgaged property is condemned, the lien of the mortgage extends to the award which is made, and the mortgagee is entitled to receive the full amount of the award.
*890 Proceeding on the theory that the question was one of first impression in this state, appellant made extensive reference in its brief and argument to authorities in other jurisdictions bearing on the question. See annotations 58 A.L.R. 1534, 1539-1545; 110 A.L.R. 542-550; 154 A.L.R. 1110, 1113-1119.
We see no need to enter into a discussion of such authorities, in view of a ruling by the Supreme Court of Florida on this point in Seaboard All-Florida Ry. v. Leavitt, 105 Fla. 600, 141 So. 886
The Court there held that under the circumstances mentioned a mortgagee is not entitled to the entire award, but only the portion thereof necessary to protect him in the security of his lien from the loss of the part taken, saying (141 So. at page 891):
"In those jurisdictions where the mortgagee is a necessary party to the condemnation proceeding, the rule seems to be that where the mortgaged land is taken or damaged, the mortgagee is entitled either to the whole of the award made, or to a share thereof to the extent of his interest or damage. Thus, where the whole of the mortgaged land is taken in the [condemnation] proceedings, the mortgagee is entitled to the entire award, or at least so much thereof as is necessary to satisfy the mortgage debt. But where only a part of the mortgaged property is taken, the mortgagee is entitled to only so much of the award as is necessary to compensate him for his interest in the part taken. 58 A.L.R. 1534-1539, where numerous cases are cited."
In this case there was a hearing before the court attended by the parties involved, at which the court on consideration of the applicable facts and circumstances fixed and allowed 10% of the respective awards as the amounts to be disbursed to the mortgagee on the mortgage indebtednesses.
Appellant having made no claim of inappropriateness of the amount determined by the court, other than its contention that it was entitled to receive the entire award in each instance, no error is made to appear and the order appealed from is affirmed.
Affirmed
HORTON, and PEARSON, JJ., concur.