### DADE COUNTY v. PRIEST, et al.
No. 68-10553.

Circuit Court, Dade County.

October 3, 1968.

Thomas C. Britton, County Attorney, Joan Elizabeth Odell, Assistant County Attorney, for plaintiff.

Alfred I. Hopkins, Miami Beach, for defendant Washington Savings & Loan Association of Miami Beach.

GEORGE E. SCHULZ, Circuit Judge.

*Order denying defendant mortgagee's motion to vacate judgment — parcel 269:* This matter came on to be heard on the motion of Washington Federal Savings & Loan Association of Miami Beach to vacate the final judgment heretofore entered as to parcel 269 in the above styled suit.

The issue presented is whether a mortgagee has the right to contest the amount of the award, i.e., the just compensation to be paid to the owners for the taking of the parcel.

It is well settled that mortgagees are not classified as "owners" in eminent domain proceedings in Florida. Major Realty Corporation v. Florida State Turnpike Authority, Fla. App. 1964, 160 So.2d 125; Shavers v. Duval County, Fla. 1954, 73 So.2d 684; Seaboard All-Florida Railway Company v. Leavitt, Fla. 1932, 105 Fla. 600, 141 So. 886; Investors Syndicate of America v. Dade County, Fla. 1957, 98 So.2d 889; Watts v. Duval County, Fla. 1954, 75 So.2d 316.

In Shavers v. Duval County, supra, the Supreme Court said, at page 687 — "A mortgagee does not have an estate or interest

in mortgaged lands, by virtue of his mortgage, but is merely the owner of a chose in action creating a lien on the property . . ." The court cited Evins v. Gainesville National Bank, Fla. 1920, 80 Fla. 84, 85 So. 659, where it had ruled that (85 So. at page 660) — "A mortgagee, either before or after default in payment, has no title by virtue of his mortgage to the mortgaged real estate. His interest is simply a specific lien for the security of the debt mentioned in the mortgage . . ." The court also cited Waldock v. Iba, Fla. 1934, 114 Fla. 786, 150 So. 231, 803, 153 So. 915, where it had earlier held (153 So. 915-916) — "A mortgage does not create an interest in the land. It is a chose in action which creates a lien on land."

As stated in Watts v. Duval County, Fla. 1954, 75 So.2d 316, (a companion case to Shavers v. Duval County, supra) — "The mortgagee was entitled to follow the fund paid into the registry of the court and to receive full compensation determined by the circuit judge on equitable principles." See also Jacksonville Expressway Authority v. Milford, Fla. 1959, 115 So.2d 778.

From the foregoing case law and from an examination of chapter 73, Florida Statutes, this court finds and determines that mortgagees, having no estate or interest in the land, have no standing to participate in the determination of its value. *Florida Eminent Domain Practice and Procedure*, §6.28.

It is ordered and adjudged that — (1) The motion of Washington Federal Savings & Loan Association of Miami Beach to vacate the final judgment heretofore entered is denied. (2) The mortgagee may file an appropriate petition for apportionment of the award made by said final judgment, so that its equitable rights, if any, to share in the award, may be determined by this court.