WALDEN, Judge.
Putting aside preamble, does the statute of frauds, F.S.1969, sec. 725.01, F.S.A., bar a suit for damages upon an oral contract to loan money in return for a mortgage upon realty?
The trial court determined that such contract was encompassed and controlled by the statute. Summary final judgment was thereupon entered for the defendant. Plaintiff appeals. We reverse.
We have not been shown and have not found a controlling Florida case precedent.
The Statute of Frauds is set forth in F. S.1969, sec. 725.01, F.S.A.:
“725.01 Promise to pay another’s debt, etc. — -No action shall be brought whereby to charge any executor or administrator upon any special promise to answer or pay any debt or damages out of his own estate, or whereby to charge the defendant upon any special promise to answer for the debt, default or miscarriage of another person or to charge any person upon any agreement made upon consideration of marriage, or upon any contract for the sale of lands, tenements or hereditaments, or of any uncertain interest in or concerning them, or for any lease thereof for a period longer than one year, or upon any agreement that is not to be performed within the space of one year from the making thereof, unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by him thereunto lawfully authorized.” (Emphasis supplied.)
Extracting the key criteria, it cannot be disputed that the contract is not for the sale of lands, tenements or hereditaments. Can it be said, though, that it is a contract for the sale of an uncertain interest in lands or concerning them? This is the pivotal question.
There are two theories concerning mortgages, the title and lien theories.[1] Under the title theory the mortgagee has title at law, a fee simple conditional. In other words, the holder of the mortgage, while not in possession, is actually the owner. He loses his ownership when the mortgage is paid.
On the other hand, under the lien theory, the mortgagee has neither title nor the right of possession.
Florida is a lien theory jurisdiction as evidenced by F.S.1969, sec. 697.02, F.S.A.:
“697.02 Nature of a mortgage. — A mortgage shall be held to be a specific lien on the property therein described, and not a conveyance of the legal title or of the right of possession.’[1] (Emphasis supplied.)
Florida has maintained its position in the lien column since 1853. Further, Florida cases concerning mortgage liens supply shading and nuances helpful to our final conclusion. 1) A mortgage is only a lien. Hemphill v. Nelson, 1928, 95 Fla. 498, 116 So. 498; Waldock v. Iba, 1934, 114 Fla. 786, 150 So. 231, 803, 153 So. 915; Walker v. Heege, 1920, 78 Fla. 667, 83 So. 605 and Jordan v. Sayre, 1892, 29 Fla. 100, 10 So. 823. 2) A mortgagee has no right to possession, until purchase at a foreclosure sale. Folks v. Chesser, 1932, 106 Fla. 836, 145 So. 602; J. G. White Engineering Corporation v. People’s State Bank of Lakeland, 1921, 81 Fla. 35, 87 So. 753. 3) A mortgagee has no right to *578 maintain a suit to remove or prevent a cloud on title. Peninsular Naval Stores Co. v. Cox, 1909, 57 Fla. 505, 49 So. 191. 4) Holders of mortgages are not entitled to maintain actions to quiet title. Cook v. Pontious, 1929, 98 Fla. 373, 123 So. 765. 5) A mortgagee of lands sought to be condemned may not be held to be an owner of them. Shavers v. Duval County, Fla.1954, 73 So.2d 684. 6) The mortgage lien is itself a species of intangible property. Seaboard All-Florida Ry. v. Leavitt, 1932, 105 Fla. 600, 141 So. 886. It is a chose in action which creates a lien on the land but not an interest in the land. Waldock v. Iba, supra.
Looking back now at some of the terms in the statute of frauds, we note that an “interest in lands” was discussed in encyclopedic treatment as follows:
49 Am.Jur., Statute of Frauds, § 154, defines interest in land thusly:
“The term ‘interest’ in land, as used in the statute of frauds, means some portion of the title or right of possession, and does not include agreements which may affect land but which do not contemplate the transfer of any title, ownership, or possession.” (Emphasis supplied.)
Specifically concerning mortgages, 49 Am.Jur., at § 197, says:
“A mortgage, in its legal aspect, is a conveyance of an estate or interest in the land, and as such, within the meaning of those terms as used in the statute.”
This same language is found in 15 Fla. Jur., Frauds, Statute of, § 6.
37 C.J.S. Frauds, Statute of § 69, says:
“While the term ‘interest’ as used in the statute is broad enough to include any right, title, or estate in, or lien on, real estate, it does not extend the statute to agreements which, although affecting land, do not contemplate the transfer of any title, ownership, or possession.” (Emphasis supplied.)
Now, as to the term “sale” considered in context of the statute of frauds, we observe that a sale, according to the U.C.C., F.S.1969, section 672.106(1), F.S.A., is defined as:
“A ‘sale’ consists in the passing of title from the seller to the buyer for a price.”
Black’s Law Dictionary, Revised 4th Edition, defines “sale” as follows :
“A contract between two parties, called, respectively, the ‘seller’ (or vendor) and the ‘buyer,’ (or purchaser,) by which the former, in consideration of the payment or promise of payment of a certain price in money, transfers to the latter the title and the possession of property.”
“A contract whereby property is transferred from one person to another for a consideration of value, implying the passing of the general and absolute title, as distinguished from a special interest falling short of complete ownership.” (Emphasis supplied.)
It will be noted that in both of the above definitions the words, title and possession, are used as indispensable elements. Florida law holds that a mortgage is specifically not a conveyance of the legal title or of the right of possession; therefore, the transfer of a mortgage or a contract to give a mortgage would not qualify as a sale. See F.S.1969, section 697.02, F.S.A., supra.
28 Fla.Jur., Sales, § 4, defines sale as a “. . . transmutation of property from one person to another in consideration of some price or value. It is a contract whereby the absolute or general ownership of property is transferred from one person to another for a price, or for any consideration.” (Emphasis supplied.) Again, a mortgage does not transfer absolute ownership of property, under Florida law.
*579 46 Am.Jur., Sales, § 2, gives various definitions for the term sale:
“Blackstone defines a sale to be ‘a transmutation of property from one man to another in consideration of some price or recompense in value,’ ... A sale has frequently been defined as ‘transfer of the absolute or general property in a thing for a price in money,’ which the buyer pays or promises to pay for the thing bought and sold A sale is the transfer of the general or absolute, as distinguished from a special, property in a thing. A sale is said to be an entire and absolute transfer of the thing sold, without reservation.
“The term ‘sale,’ in its largest sense, may include every agreement for the transferring of ownership, whether immediate or to be completed afterward. Strictly, to constitute a sale, the parties must intend to transfer the immediate ownership in some specific thing. The words ‘bargain and sale’ have a settled, legal meaning and import a sale which vests the property in the buyer. It has been said that under the Uniform Sales Act ‘a sale’ implies and involves passing of title. . . . ” (Emphasis supplied.)
77 C.J.S. Sales § 1, broadly defines the term sale as follows:
“. . . [A] sale has been defined as the transfer of property in a thing for a price in money or estimated in money, or in money or its equivalent, or for a valuable consideration; a transmutation of property from one man to another, in consideration of some price, or recompense in value; an exchange of goods or property for money paid or to be paid; the passing of the title and possession of any property for money which the buyer pays or promises to pay.” (Emphasis supplied.)
It would therefore seem that both the common and legal meanings of the word, “sale,” indicate a transfer of title, even though under the statute such sale or transfer of title may be to an uncertain or indeterminate estate or interest.
Since a mortgage in Florida does not transfer title, possession, or any other interest other than a naked lien, it seems to us that in Florida, based on the definitions quoted earlier, an oral agreement to make a mortgage would not be under the statute of frauds.
Williston on Contracts, 3rd Ed., §§ 492 and 511, agrees with this conclusion,
“In jurisdictions where it is held that a mortgage does not transfer title but merely creates a lien, it seems obvious that the Statute must be held inapplicable. Even in jurisdictions where a mortgage is held to transfer a title defeasible iipon the condition subsequent of payment by the mortgagor, authority points in the same direction.” — - Section 511 (Emphasis supplied.)
Several Florida cases have made noises in this direction. Evins v. Gainesville Nat. Bank, 1920, 80 Fla. 84, 85 So. 659, in discussing the statute of frauds, said that lands and tenements are subject to levy and sale under execution “therefore, a mortgage upon real estate, being merely a contract lien upon the land, is not subject to levy, and consequently not subject to the lien of an execution.”
Evins also included some helpful general language. “A mortgagee, either before or after default in payment, has no title by virtue of his mortgage to the mortgaged real estate. His interest is simply a specific lien for the security . . ., and he can acquire the legal title as against the mortgagor, . . . only by outbidding every other person at the foreclosure sale.”
DeBartlett v. DeWilson, 1906, 52 Fla. 497, 42 So. 189, contains Florida’s most definitive standards on the subject,
“An agreement that a deed conveying land shall operate as a mortgage to secure a debt is not within the statute of *580 frauds, since it is not a contract for the sale of lands or any interest therein.”
Yates v. St. Johns Beach Development Co., 1935, 122 Fla. 141, 165 So. 384, said,
“The law is well established that an undertaking, ... by pa-rol agreement or otherwise, • by the grantee of encumbered land, that he will assume or pay the mortgage indebtedness upon the conveyed property as part of the consideration for the conveyance, . . . may be sued on and enforced in equity by the mortgagee, or recovery thereon may be had as well in a court of law.”
These three cases, while not really on point, would indicate the general trend in Florida is to treat mortgages as without the statute of frauds. Yates holds that a parol agreement to assume the mortgage may be enforced in a court of law. The statute of frauds, if mortgages were included therein, would forbid similar enforcement. Evins discusses the differences between mortgages and lands and tenements in relation to levy for execution. DeBartlett says a deed treated as a mortgage is without the statute of frauds. The case at hand deals with a parol agreement to make a mortgage and none of the three cases above mentioned deal with this exact problem. Therefore, a definitive statement and ruling needs to be made on this subject.
Examinations have been made of the treatment accorded the proposition in other states. Indeed, the field is muddy and the trend unclear. Many opinions do not reflect whether that state follows the title or lien theory, a critical distinction.[2] Naturally, title states would agree with the trial court in the instant case and outlaw the suit.[3] And we must record that some lien states would also find the statute of frauds applicable to an agreement to make a mortgage. However, their outcome is frequently helped or distinguished by a finding of fraud or part performance, features not here present.[4]
Putting together F.S.1969, sections 697.-02 and 725.01, F.S.A., the meaning of terms already discussed, and Florida’s court opinions concerning the quality, function, and application of mortgages, we opine flatly that the statute of frauds, F.S. 725.01, F.S. A., does not bar a suit for damages upon an oral agreement to execute and deliver a mortgage upon real estate. A mortgage transfers no title, right of possession, or interest in land. Such rights accrue to the mortgagee only when there has been a default, court foreclosure, and sale to the mortgagee and transfer of title to him according to law.
Finally, the trial court erroneously made a dispositive finding of fact sua sponte concerning the existence of the oral contract. This issue was not raised and the record clearly reflects that such ruling was premature and violative of the summary judgment rule. F.R.C.P. 1.510, 31 F.S. A., Holl v. Talcott, Fla.1966, 191 So.2d 40.
The judgment is reversed and the cause remanded for further proceedings consistent herewith.
Reversed and remanded.
CROSS and MAGER, JJ., concur.

. For the historical discussion and development of these two theories, see Glenn on Mortgages, §§ 28-31.

. Avey v. Via, 1928, 225 Ky. 155, 7 S.W.2d 1057; Newman v. Newman, 1921, 103 Ohio St. 230, 133 N.E. 70; Penn Mut. Life Ins. Co. v. Kimble, 1937, 132 Neb. 408, 272 N.W. 231; Aaron Frank Clothing Co. v. Deegan, Tex.Civ.App. 1918, 204 S.W. 471; West v. First Baptist Church of Taft, 1934, 123 Tex. 388, 71 S.W.2d 1090; Bank of New Brockton v. Dunnavant, 1920, 204 Ala. 636, 87 So. 105.

. Brown v. True, 1923, 123 Me. 288, 122 A. 850; Rutherford Nat. Bank v. H. R. Bogle & Co., 1933, 114 N.J.Eq. 571, 169 A. 180.

. Sleeth v. Sampson, 1923, 237 N.Y. 69, 142 N.E. 355; Flyer v. Sullivan, 1954, 284 App.Div. 697, 134 N.Y.S.2d 521; Smith v. Mills, 1956, 207 Or. 546, 296 P.2d 481, 298 P.2d 185; Hatlestad v. Mutual Trust Life Ins. Co., 1936, 197 Minn. 640, 268 N.W. 665; Oklahoma Farm Mortgage Co. v. Cesar, 1936, 178 Okl. 451, 62 P.2d 1269.