ERVIN, Justice.
We have for review by petition for writ of certiorari a decision of the District Court of Appeal, Fourth District, affirming the trial court’s final judgment of foreclosure in favor of Respondent, Capital National Bank of Miami. Dubbin v. Capital National Bank of Miami, Fla.App.1971, 250 So.2d 663. We have jurisdiction under Article V, Section 4(2) of the Florida Constitution, F.S.A. because that decision conflicts with this Court’s decision in Trustees of Internal Improvement Fund v. Lobean, Fla.1961, 127 So.2d 98.
*2 The instant litigation arose out of a series of transactions involving certain land in Okeechobee County, Florida. On April 5, 1962, Spindrift Apartments, Inc., by its executive officer, Henry J. Mellon, executed and delivered to First Federal Savings & Loan Association of Miami a mortgage on said property securing a note in excess of $69,000. The mortgage was recorded on April 17, 1962. The property was later conveyed to Nor Mel Investments, Inc. Mellon was also Nor Mel’s president. On September 22, 196S Nor Mel, by Mellon, conveyed the property to Bimini Run, Limited, by warranty deed containing no exceptions. The deed made no reference to the mortgage given First Federal Savings & Loan Association of Miami and was not made subject to it. Instead, the deed contained the warranty clause: "And the said party of the first part does hereby fully warrant the title to said land, and will defend the same against the lawful claims of all persons whomsoever.” The same day Nor Mel and Bimini Run executed an agreement in which Nor Mel agreed to deliver to Bimini Run within thirty days “a title insurance policy . . . guaranteeing unto . . . [Bimini Run] good and marketable title in and to the lots referred to in the Warranty Deed, free and clear of any liens or encumbrances and subject only to taxes for the year 196S, and together with any abstracts which Nor Mel Investments, Inc. may have.”
The warranty deed was recorded on September 24, 1965. Bimini Run apparently never received a title insurance policy. On March 17, 1966, First Federal Savings & Loan Association of Miami assigned to Nor Mel Investments the April 5, 1962 mortgage and note executed by Spindrift Apartments. On March 22, 1966, Nor Mel Investments, by Mellon, assigned the note and mortgage to Respondent. Both assignments were recorded on March 23, 1966.
Three years later Respondent initiated a foreclosure action against Petitioners as last known directors of, and trustees for Bimini Run, Limited, a dissolved Liberian corporation. Petitioners filed an answer and counterclaim. In their answer they admitted the existence of the note and mortgage and the assignment of the mortgage to Respondent. In the counterclaim they sought a decree quieting title to the property alleging:
“That by operation of law the lien of said mortgage was discharged at the moment the same was assigned by the First Federal Savings & Loan Association of Miami, Florida, to defendant’s grantor, Nor Mel Investments, Inc. and the plaintiff, as assignee of the said mortgage from said Nor Mel Investments, Inc. is estopped from claiming or enforcing the lien of the said mortgage upon or against the property described in the warranty deed . . . and owned by the defendant.”
The trial court granted a final judgment of foreclosure, saying the equities were with Respondent. However, the trial court does not explain its conclusion. The District Court of Appeal, Fourth District, per curiam affirmed without’Opinion.
Whether the lower courts considered the clearly submitted issue of legal es-toppel by warranty deed does not appear from the record and transcript of evidence in this Court. That Petitioners presented a prima facie case of legal estoppel is clear from the record. Accordingly, there is an ostensible conflict of decisions manifest from the record of the case. Examination of the transcript fails to reveal any rebuttal of Petitioners’ prima facie case. In the absence of a showing of fraud, therefore, Respondent should have been estopped from foreclosing and Petitioners’ counterclaim should have been granted. See 7 G. Thompson, Commentaries on the Law of Real Property § 3207 (1962). 10 Fla.Jur. Deeds, § 165, p. 168. Compare Cook v. *3 Katiba, Fla.App.1963, 152 So.2d 504, and Cook v. Katiba, Fla.1966, 190 So.2d 309.
By conveying the mortgaged land to Bimini Run free and clear of all encumbrances, Nor Mel conveyed a larger estate than it owned. Under the doctrine of legal estoppel:
“Where a grantor who has no title, whose title is defective, or whose estate is less than that which he assumes to pass, conveys by warranty or covenants of like import and subsequently acquires the title or estate which he purports to convey, or perfects his title, such after-acquired or perfected title will inure to the grantee, or to his benefit, by way of estoppel.” 7 G. Thompson, supra at pp. 394-395; Trustees of the Internal Improvement Fund v. Lobean, supra.
Once Nor Mel became the assignee of the mortgage, therefore, it was estopped from asserting it against Bimini Run. Likewise, Respondent, as Nor Mel’s as-signee, had no cause of action against Bimini Run under the mortgage for an as-signee of a mortgage receives only those rights and benefits as are available to its assignor. Marion Mortgage Co. v. Grennan, 1932, 106 Fla. 913, 143 So. 761; 3 R. Powell, The Law of Real Property § 455 (1967).
Because it appears the lower courts did not consider the applicability of the doctrine of legal estoppel, which doctrine should be controlling here in the absence of fraud, we are remanding this cause to the Circuit Court of Okeechobee County for reconsideration concerning the question of legal estoppel by deed. Further eviden-tiary consideration of the question appears appropriate.
It is so ordered.
ROBERTS, C. J„ and ADKINS, BOYD, McCAIN, DEKLE, JJ., and MASON, Circuit Judge, concur.