341 So.2d 793 (1977)
UNITED OF FLORIDA, INC., Appellant,
v.
ILLINI FEDERAL SAVINGS & LOAN ASSOCIATION and Lyman Savings & Loan Association, Appellees.
UNITED OF FLORIDA, INC., Appellant,
v.
MIDWEST FEDERAL SAVINGS & LOAN ASSOCIATION OF MINOT, Appellee.
Nos. 76-459, 76-504.
District Court of Appeal of Florida, Second District.
January 12, 1977.
Thomas B. Drage, Jr., Orlando, and Grover C. Freeman, Tampa, for appellant.
Thomas W. Stewart, Bradenton, for Illini Federal Savings & Loan Association and Lyman Savings & Loan Association.
Richard A. Nielsen of Gregory, Cours, Paniello, Johnson & Hayes, Tampa, for Midwest Federal Savings & Loan Association of Minot.
PER CURIAM.
These appeals present an issue as to which claimant has priority, a lienor under the mechanics lien law or the assignees of mortgages where the assignments were effectuated more than one year after the owners filed a notice of commencement. We hold the mechanics lien claimant has priority and reverse the summary judgments entered by the trial court in favor of the assignees of the mortgages.
As related to the issue before us, the facts are undisputed. The owners of Horizon-DeSoto Lakes, a large condominium complex in Manatee County, filed a notice of commencement under Section 713.13, Florida Statutes, on March 14, 1973. Appellant United installed the plumbing and on-site utilities for the project. Within one year from the filing of the notice, four of the condominium units were sold to purchasers who executed mortgages in favor of a mortgage lender, Urban Shelter Savings, Inc. More than one year after the notice of commencement was filed, Urban assigned its mortgages to appellees. Subsequently, on December 20, 1974, appellant United filed its claim of lien against the project for $30,596.
Even though the pleading posture of these cases differs, the trial court found in each case that the notice of commencement was not renewed or extended and did not provide that it was effective as to any person acquiring an interest under the owner *794 more than one year from the date it was recorded. Thus, the court concluded there was no effective notice of commencement when the appellees acquired their mortgage interests, and adjudged each appellee's mortgage lien to be superior to United's claim of lien.
Section 713.13, Florida Statutes, which provides for notice of commencement, states in Subsection (5) thereof:
"Unless otherwise provided in the notice of commencement or a new or amended notice of commencement, any notice of commencement heretofore or hereafter recorded shall not be effective as to any person acquiring title or any interest in real property from the owner or under him after one year from the date of recording the notice of commencement."
No one suggests that the mortgages in favor of Urban would have priority over United's subsequently filed lien. Appellees, however, urge that when they were assigned these mortgages, they "acquired an interest in real property" under the above subsection. They contend the notice of commencement was rendered ineffective as to them, and the priority dispute must be determined as if no notice of commencement had been filed. Appellees then point to Section 713.07(2), Florida Statutes, which provides that in the event a notice of commencement is not filed, a mechanics lien does not attach until it is recorded. Since United recorded its claim subsequent to the assignments, appellees maintain that the mortgages acquired by them have priority.
In our judgment United's claim must take priority, because we do not believe it can be said that a mortgage is an interest in real property. Consequently, the assignee of a mortgage could not thereby acquire "an interest in real property" as specified in Section 713.13(5), Florida Statutes.
Florida is a lien theory state. Section 697.02, Florida Statutes (1975), provides:
"A mortgage shall be held to be a specific lien on the property therein described, and not a conveyance of the legal title or of the right of possession."
On more than one occasion our Supreme Court has held that a mortgage does not create an interest in real property but is rather a chose in action creating a lien on the property. E.g., Shavers v. Duval County, 73 So.2d 684 (Fla. 1945); Waldock v. Iba, 114 Fla. 786, 153 So. 915 (1934).
2 Boyer, Florida Real Estate Transactions, Sec. 32.01, states:
"At common law, the mortgagee was vested with legal title, the mortgage operating as a conveyance subject to defeasance, but in Florida, the mortgage does nothing more than create a lien upon the land of the mortgagor."
Apropos to the instant case, the Supreme Court said in Garrett v. Fernauld, 63 Fla. 434, 57 So. 671 (1912):
"An assignment of a mortgage lien is not `a conveyance' or a `transfer' of `any interest' in land covered by the mortgage, but is only an assignment or transfer of the lien created by the mortgage; ..."
The appellees argue that the words "interest in real property" should be held to mean something else when considered within the context of the Mechanic's Lien Act. Yet, the words are not otherwise defined in the Act. With these words having such a well understood meaning, we believe that if the legislature had meant Section 713.13(5), Florida Statutes, to include mortgages, it would have said so.
Even if we accepted the contention that a mortgage is an interest in real property for purposes of Section 713.13(5), we would still find it necessary to reverse. Clearly, the mortgages in favor of Urban were subordinate to United's claim since Urban acquired those mortgages within the one year period stipulated in Section 713.13(5). When appellees acquired Urban's rights, they stood in the shoes of their assignor, receiving only those rights and benefits available to Urban. Dubbin v. Capital National Bank of Miami, 264 So.2d 1 (Fla. 1972). Thus, the assignment to appellees did not create any new interest in real property and did not have the effect of *795 subordinating United's claim which attached from the date the notice of commencement was filed.
Assuming that a mortgage is an interest in real property, appellees argue that if they had acquired new mortgages from the owners of the four condominium units, they would have been protected and that this court should equate their assignments with new mortgages since from an economic standpoint appellees have the same investment. Be that as it may, the fact is the mechanics lien statutes afforded United protection as to its lien claim by granting it priority over any interest in real property acquired within one year. United held its priority over the Urban mortgages and such priority could not be "laundered out" merely by the act of assignment. Given the principle set forth in Dubbin, supra, it would be inequitable to allow an enhancement of the priority position of the Urban mortgages merely because they were assigned.
Accordingly, the summary judgments in favor of appellees are reversed and these causes are remanded for further proceedings consistent with this opinion.
HOBSON, Acting C.J., and GRIMES, J., concur.
SCHEB, J., concurs specially.
SCHEB, Judge, concurring specially.
Since I agree that an assignee of a mortgage stands in no better position than its assignor, I concur with the result reached by the majority. It is not necessary, in my opinion, to reach the question in this case as to whether a mortgage is "an interest in real property" within the contemplation of the mechanics lien law. The cases cited in the majority opinion for the proposition that a mortgage is not an interest in real property arose in contexts other than mechanics lien law and I am not prepared to hold that such cases are controlling in this instance. I concur in the decision to reverse; however, I would have predicated the reversal on the ground that the assignment to appellees did not create any new interest in real property.