■ PAUL DANO, Respondent, v AMERICAN FRIENDS OF BOYS TOWN JERUSALEM, INC., Appellant, et al., Defendants. — Order, Supreme Court, New York County (Bernheim, J.), entered on September 23, 1980, affirmed, without costs

and without disbursements, on the opinion of Bernheim, J., at Special Term. Concur — Kupferman, J. P., Ross and Fein, JJ.

Silverman and Bloom, JJ., dissent in a memorandum by Bloom, J., as follows: In May, 1980 plaintiff and the mortgage broker for American Friends of Boys Town of Jerusalem, Inc. (Boys Town), negotiated for the purchase and sale of a mortgage of $1.2 million held by Boys Town. Plaintiff contends that an agreement was reached on May 8. The purchase price agreed upon was $200,000 plus a contribution of $100,000 to Boys Town. Since Boys Town was and is a charitable corporation, plaintiff contemplated a benefit in the form of a tax deduction. The mortgage was an open one which had become due some four years earlier. The closing was set for May 12 and counsel was retained to draw the requisite documents. The closing was adjourned to May 13, first at 2:00 P.M. and then to 3:00 P.M. At 2:30 P.M., plaintiff was notified by Boys Town that the sale was off. Plaintiff asserts that on May 16 he ascertained that Boys Town had agreed to sell the mortgage to a third party. While Boys Town disputes the making of the agreement, for the purpose of this motion we accept as true the averments made by plaintiff. On May 29, 1980, plaintiff brought this action. The complaint sets forth two claims against Boys Town. The first count seeks specific performance while the second seeks damages. Boys Town, in its answer, asserted the Statute of Frauds by way of affirmative defense. Plaintiff moved to strike the defense. Special Term granted the motion and this appeal by Boys Town is from that order. Subdivision 1 of section 5-703 of the General Obligations Law, provides in pertinent part that an instrument creating an "estate or interest in real property, other than a lease for a term not exceeding one year" must be in writing and signed by the person to be charged. To avoid the consequences of this provision, Special Term relied on *Flyer v Sullivan* (284 App Div 697). That case held that where there is a transfer of an existing mortgage, the subject of the transfer is the underlying obligation, the bond, for which the mortgage is merely security. Accordingly, it concluded that the transfer of an *existing* mortgage (as distinguished from the creation of a new mortgage) is the transfer of a chose in action and is no more than personalty. However, *Flyer* runs afoul of *Sleeth v Sampson* (237 NY 69, 72) which held that: "One who promises to make another the owner of a lien or charge upon land, promises to him the owner of an interest in land, and this is equivalent in effect to a promise to sell him such an interest". The correctness of this conclusion is emphasized by RPAPL 1501 (subd 5) which, in enumerating those who may maintain an action to enforce an estate or interest in real property, specifies that: "The interest had by any mortgagee or contract vendee of real property *or by any successor in interest of either of them,* is an 'interest in real property' as that phrase is used in this article of the real property actions and proceedings law". (Emphasis supplied.) Section 1501 is to be found in RPAPL article 15, which is captioned "Action to Compel the Determination of a Claim to Real Property". Accordingly, we conclude that the distinction sought to be made in *Flyer* between creation of an original mortgage and transfer of an existing mortgage is without substance. By consequence, we hold that the oral agreement to assign the mortgage to plaintiff, if made, was an agreement to transfer an interest in real property and, therefore, subject to the requirement of subdivision 1 of section 5-703 of the General Obligations Law that it be in writing. However, even if we assume that the agreement to sell the mortgage was, as plaintiff contends, no more than an oral agreement to sell personalty, that agreement still runs afoul of the requirement that such an agreement is required to be in writing. Subdivision (1) of section 1-206 of the Uniform Commercial Code provides in pertinent part that: "a contract for the sale of personal property is not enforceable by way of action or defense beyond five thousand dollars in amount or value of remedy unless there is some

writing which indicates that a contract for sale has been made between the parties at a defined or stated price, reasonably identifies the subject matter, and is signed by the party against whom enforcement is sought or by his authorized agent". Boys Town's affirmative defense does not refer to any specific statute, nor does it indicate whether it is set forth as a complete defense under subdivision 1 of section 5-703 of the General Obligations Law, or as a partial defense under subdivision (1) of section 1-206 of the Uniform Commercial Code. It alleges merely that "Plaintiff's claims are barred by the Statute of Frauds". In the circumstances here indicated, we think it was improper to strike that defense.