UNITED STATES of America, Plaintiff,

v.

Bernard E. ROESSLING, also known as B. E. Roessling, and Clara A. Roessling, his wife, and James R. Holland and Olive Holland, his wife, Defendants.

Civ.-T. No. 3300.

United States District Court
S. D. Florida,
Tampa Division.

Feb. 5, 1959.

---

7. Carson v. Warlick, 4 Cir., 1956, 238 F.2d 724, 728.

James L. Guilmartin, U. S. Atty., and Richard Kelly, Asst. U. S. Atty., Tampa, Fla., for plaintiff.

Paul Game and Paul Game, Jr., Tampa, Fla., for defendants.

VAUGHT, District Judge.

This is an action to foreclose a real estate mortgage on lands situated in Hillsborough County, Florida. The mortgage was executed by Bernard E. Roessling and Clara Roessling, his wife, defendants herein, to the Administrator of the Resettlement Administration, a direct Government agency, to secure an indebtedness owing to the United States. The mortgage was dated April 1, 1937 and was filed for record among the public records of Hillsborough County, Florida, on April 19, 1937. Real estate taxes for the year 1940 were not paid and a tax sale certificate was issued to the County of Hillsborough, Florida, at the tax sale held in the year 1941. In 1943 the County of Hillsborough filed a suit in the Circuit Court of Hillsborough County, Florida, for the purpose of quieting title based upon the delinquent tax sale. The United States was not named as a party to this action. A final decree was issued which purported to vest title in the County of Hillsborough. The property was subsequently sold by the County and through mesne conveyances became vested in the defendants James R. Holland and Olive Holland, his wife, who have paid the taxes for the years 1947 to 1957, inclusive. These defendants contend that the title which they hold is a new and independent title discharged of the lien of the mortgage held by the United States. The facts in this case are stipulated, therefore, it is only necessary to consider the law questions involved.

The questions of law involved are:

1. Where the United States holds a mortgage lien on real estate duly of record, does a real estate tax assessed and levied subsequent thereto by a county constitute a lien prior to that held by the United States?

2. Where a lien of the United States is not prior, can a State divest the lien without making the United States a party to a court action?

The principal authorities cited by the Government are United States v. City of New Brunswick, 276 U.S. 547, 48 S.Ct. 371, 72 L.Ed. 693, and United States v. City of New Britain, 347 U.S. 81, 74 S. Ct. 367, 371, 98 L.Ed. 520. In the New Brunswick Case the court held that land acquired by the United States Housing Corporation under the Act of 1918 and directed to be sold with reservation of a first lien for unpaid purchase money, was not subject to state taxation so long as the Corporation held title as an instrumentality of the United States. In the New Britain Case the only question to be determined was which of two tax liens had priority and the court, relying upon the principle of law, "the first in

time is the first in right," held that the lien of the United States, created by statute (I.R.C. sec. 3670, 26 U.S.C.A. § 3670) was prior to the lien of the City as to the proceeds of the sale under the mortgage foreclosure. The Government cites other authorities, but in each case the lien of the United States was a tax lien.

In the case at bar there is an entirely different situation. The Government's lien is not a tax lien; it is a lien created by a simple mortgage securing an indebtedness.

Section 194.53, Florida Statutes, F.S.A. provides:

"Upon the entry of the decree provided in § 194.47 all rights, titles, interests in or liens upon said property * * * shall be cut off and extinguished and forever declared null and void and the title to such lands when conveyed by the county shall be construed in all respects as a new, original title * * * ."

The defendants' contention is that under the Florida Statute, supra, mortgages and judgments held by the State or the United States are not excepted and in the absence of a Federal Statute so providing, the Florida Statute must control.

The mortgage in question here provides that the mortgagor shall "pay all taxes which may accrue on said land," recognizing the unimpaired right of the State and its subdivisions to continue to assess ad valorem taxes against the property encumbered by such mortgage in the same manner as it had prior to the execution of the mortgage.

■ In answer to the first question submitted, we hold that the lien of the State by virtue of the tax sale constitutes a lien prior to that of the United States by virtue of its mortgage lien.

■ The next proposition is whether or not in the suit to quiet title it was necessary to make the United States a party to the action. This being an action in rem, we hold that it is not necessary to make the United States a party. This holding is supported by substantial authorities.

In United States v. Boyd, 5 Cir., 246 F.2d 477, the court held that a trustee's sale under power of sale embodied in a prior mortgage barred the claim of the United States for federal taxes although the United States was not given any notice of the proceedings.

In United States v. Cless, 3 Cir., 254 F.2d 590, 594, the court held that a subordinate mortgage lien of the United States on Pennsylvania real property was divested by foreclosure of a prior mortgage in accordance with the Pennsylvania law, although the United States was not notified of nor made a party to the proceedings. In conclusion the court said:

"In the absence of express Congressional action to the contrary, we think it is not asking too much from a federal agency, which has embarked upon the business of lending money in competition with private firms and individuals, simply to be governed by the same local law which controls the rights of private citizens in a similar endeavor. * * * "

■ The court therefore holds that the defendants are entitled to judgment as prayed. The facts having been stipulated, it is not necessary to make findings of fact, and this opinion may be considered as conclusions of law. A form of judgment consistent with this opinion may be submitted within five days.