UNITED STATES of America, Plaintiff,

v.

COUNTY OF RICHLAND, Tom Elliott, Treasurer of Richland County, and David Rosen, Defendant.

UNITED STATES of America, Plaintiff,

v.

COUNTY OF RICHLAND, William H. Linder, Treasurer of Richland County, Joseph B. Rosen, Bonnie Rosen Nurick, formerly known as Bonnie Rosen, Harvey J. Rosen, and Joseph B. Rosen, as Trustees for Bonnie Rosen, Van B. Morrison and Gladys Morrison, Defendants.

UNITED STATES of America, Plaintiff,

v.

COUNTY OF RICHLAND, William H. Linder, Treasurer of Richland County, Joseph B. Rosen, Bonnie Rosen Nurick, formerly known as Bonnie Rosen, Harvey J. Rosen, and Joseph B. Rosen, as Trustees for Bonnie Rosen, Charles B. Abernathy and Sharon K. Abernathy, Defendants.

UNITED STATES of America, Plaintiff,

v.

COUNTY OF RICHLAND, Tom Elliott, Treasurer of Richland County, and Harvey Rosen, Defendants.

Civ. A. Nos. 76–2429, 76–2431, 76–2433 and 76–2435.

United States District Court, D. South Carolina, Columbia Division.

June 24, 1980.

Mary E. G. Slocum and Wistar C. Stuckey, Asst. U.S. Attys., Columbia, S.C. for plaintiff.

County of Richland & Tom Elliott, E. N. Brandon, Ben T. DeBerry, Columbia, S.C., for defendants.

FINDINGS OF FACT
CONCLUSIONS OF LAW
AND
ORDER

CHAPMAN, District Judge.

These four cases all involve the same basic issues and were consolidated for trial without a jury. There is little dispute as to the facts, which are hereinafter set forth in accordance with Rule 52. These actions were commenced by the United States seeking a declaration that (1) the tax deed involved in each of the four above cases is void and the title thereunder invalid; (2) setting aside the tax deed; (3) declaring title to be vested in the Secretary of Housing and Urban Development; and (4) that the Secretary be given immediate possession of the property.

## FINDINGS OF FACT

### As to Civil Action 76–2429

1. By deed dated June 25, 1969, and recorded the same date in Deed Book D–146, at page 331 (all recording data in these Findings of Fact relate to the Office of the R.M.C. for Richland County, South Carolina), Waco, Inc. conveyed Lot 8 in Block L of Crane Forest Subdivision to Cambridge Construction Company, Inc.

2. By deed dated May 18, 1970, recorded May 19, 1970 in Deed Book D–176, at page 518, Cambridge Construction Company, Inc. conveyed the property to Charles Jackson and Carey Mae Jackson.

3. The Jacksons mortgaged the property to J.I. Kislak Mortgage Corporation of Florida. The mortgage is dated May 18, 1970, recorded May 19, 1970 in Mortgage Book M–187, at page 707. This mortgage was assigned by Kislak to Federal National Mortgage Association under date of July 21, 1970, recorded July 23, 1970, in Mortgage Book M–194, at page 581.

4. There was a default in mortgage payments by the Jacksons and on October 10, 1972, a summons and complaint to foreclose the mortgage was filed in the Court of Common Pleas for Richland County by Federal National Mortgage Association, plaintiff against the Jacksons, defendants.

5. The mortgage was foreclosed and the Master in Equity for Richland County transferred the property to the Secretary of Housing and Urban Development by deed dated January 15, 1973.

6. On March 19, 1973, the Treasurer of Richland County levied upon the real estate and thereafter advertised it for sale to satisfy delinquent real estate taxes assessed by Richland County against Cambridge Construction Company, Inc. for the calendar year 1970. A statutory lien attached to the real estate as of December 31, 1969, to secure the payment of 1970 taxes. The property was bought at the tax sale by David Rosen on June 4, 1973 and on June 13, 1974, a deed for the property was delivered to David Rosen by the Tax Collector for Richland County and the purchaser was placed in possession of the property. The tax deed was recorded June 14, 1974 in Deed Book D–319, at page 197. On November 30, 1976, Rosen conveyed the property to Levell Ashford by deed recorded in Deed Book D–407 at page 487.

7. After the present suit was commenced Ashford commenced a suit against the Richland County Treasurer and the Secretary of HUD in the Court of Common Pleas for Richland County to quiet title to the real estate. This action was removed to this court as Civil Action 77–1097. By Order dated November 21, 1979, Civil Action 77–1097 and 77–1099, another action brought by Ashford to quiet title on another piece of property he purchased from Rosen, as will hereinafter appear in other findings of fact were dismissed with prejudice since Ashford was notified of the trial and did not appear, indicated to the Court that he was not represented and did not desire to be represented and that he had conveyed away his interest in the property to a third party who conveyed the property back to individuals named in the four other consolidated actions.

### As to Civil Action 76–2431

1. By deed March 27, 1969, and recorded the same date in Deed Book D–137, at page 175, the Columbia Company conveyed Lot 64 in Block A of Unit 4, Kingswood Subdivision, in Richland County, South Carolina, to Cambridge Construction Company, Inc.

2. On August 28, 1970, Cambridge conveyed the property to Van B. Morrison and Gladys Morrison by deed recorded in Deed Book D–185, at page 613.

3. On August 31, 1970, the Morrisons mortgaged the property to Cameron Brown Company which mortgage was recorded in Mortgage Book M–198 at page 585. By assignment dated October 6, 1970, Cameron Brown assigned the mortgage to Federal National Mortgage Association as recorded in Mortgage Book M–202, at page 990.

4. On August 3, 1971, F.N.M.A. assigned the mortgage to the Secretary of HUD as evidenced by assignment recorded August 23, 1971, in Mortgage Book M–236 at page 730.

5. On March 21, 1973, the Treasurer of Richland County levied upon the subject property and thereafter advertised it for sale, satisfied delinquent real estate taxes assessed by Richland County against Cambridge Construction Company, Inc. for the calendar year 1970. The statutory lien attached to the property as of December 31, 1969, to secure the payment of 1970 taxes.

6. The property was sold to Joseph B. Rosen, defendant herein, on June 4, 1973, with a deed for the property being delivered to the purchaser Joseph D. Rosen by the Tax Collector of Richland County recorded in Deed Book D–319, at page 193.

7. The present plaintiff filed a lis pendens on December 20, 1976 in the present action and thereafter on December 27, 1976 Joseph B. Rosen conveyed a one–half interest in the property to Bonnie Rosen.

As to Civil Action 76–2433

1. By deed March 27, 1969, recorded the same date, in Deed Book D–137, at page 175, the Columbia Company conveyed Lot No. 7 in Block I of Kingswood Subdivision in Richland County, South Carolina, to Cambridge Construction Company, Inc.

2. On August 17, 1970, Cambridge Construction Company, Inc. conveyed the property to Charles P. Abernathy and Sharon K. Abernathy, by deed recorded in deed book D–185, at page 198.

3. On August 17, 1970, the Abernathys mortgaged the property to Cameron Brown by mortgage recorded August 25, 1970 in Mortgage Book M–198, at page 73, which mortgage was later assigned to Malden Savings Bank in Mortgage Book M–201, at page 160.

4. On July 31, 1972, Malden assigned the mortgage to the Secretary of HUD as shown by Mortgage Book M–279, at page 975.

5. On March 21, 1973, the Treasurer of Richland County levied upon the subject property and thereafter advertised it for sale to satisfy delinquent real estate taxes assessed by Richland County against Cambridge Construction Company for the calendar year 1970. The statutory lien attached to the subject property as of December 31, 1969 to secure payment of taxes for 1970.

6. The subject property was sold to Joseph B. Rosen, defendant herein, and he received a tax deed from the Tax Collector for Richland County recorded June 14, 1974 in Deed Book D–319, at page 195.

7. Subject to the filing of plaintiff's lis pendens in the present action Joseph B. Rosen conveyed to Bonnie Rosen a one–half undivided interest in the property.

As to Civil Action 76–2435

1. On September 15, 1969, Waco, Inc. conveyed Lot 12 in Block I of Crane Forest Subdivision to Cambridge Construction Company, Inc. by deed recorded September 17, 1969 in Deed Book D–154, at page 212.

2. Thereafter Cambridge conveyed the property to Eunice Hill as shown by Deed Book D–188, at page 938.

3. On October 6, 1970, Eunice Hill mortgaged the property to J.I. Kislak Mortgage Corporation of Florida, see Mortgage Book M–202, at page 657. This mortgage was assigned in March 1971 to New York Federal Savings & Loan Association, see Mortgage Book M–218, at page 633.

4. A complaint for foreclosure of the Eunice Hill mortgage was filed January 23, 1973 by New York Federal Savings & Loan Association resulting in a foreclosure with a deed from the Master in Equity for Rich-

land County to the Secretary of HUD dated April 24, 1973, see Deed Book D–277, at page 675.

5. That on March 19, 1973, the Treasurer of Richland County levied upon the subject property and thereafter advertised it for sale to satisfy delinquent taxes assessed by Richland County against Cambridge Construction Company, Inc. for the calendar year 1970. A statutory lien had attached to the subject property as of December 31, 1969 to secure payment of taxes for 1970.

6. The property was thereafter sold to Harvey Rosen by deed recorded June 13, 1974 from the Tax Collector for Richland County and recorded in Deed Book D–319, at page 191.

## CONCLUSIONS OF LAW

1. All parties are properly before the Court.

2. The Court has jurisdiction pursuant to 28 U.S.C. § 1345 since the action is commenced by the United States of America.

3. The issue involved can be fairly stated as:

Does the purchase of real estate, or the acquisition of an interest therein, by an agency of the United States of America as assignee of a mortgage or the purchaser at a foreclosure sale, bar a political subdivision of the State of South Carolina (Richland County) from levying upon and selling such real estate to satisfy a debt for delinquent real property taxes which became due and payable, and for the payment of which a lien attached, prior to the time the federal agency purchased, or acquired an interest in, the subject real property without protecting the interest of the agency?

The defendants argue that there is no federal statute which bars the state from levying upon and selling real property for delinquent real estate taxes pursuant to state law even though an agency of the United States has acquired an interest in the property after the statutory lien for taxes has attached to the property.

The plaintiff asserts that 28 U.S.C. § 2410(a)(2) is applicable and should have been used by the Treasurer of Richland County to collect delinquent taxes, since it waives sovereign immunity to suit in a civil action in any United States District Court or any state court having proper jurisdiction in cases

(2) To foreclose a mortgage or other lien upon

... real or personal property on which the United States has or claims a mortgage or other lien.

The plaintiff further asserts that although federal properties are not usually subject to local taxation unless there is a specific waiver, such waiver was enacted by Congress in passing the National Housing Act which includes 12 U.S.C. § 1706b:

Nothing in this subparagraph should be construed to exempt any real property acquired and held by the Secretary in connection with the payment of insurance heretofore or hereafter granted under this subchapter from taxation by any State or political subdivision thereof, to the same extent, according to its value, as other real property is taxed.

The plaintiff's basic position is that while its property, acquired through foreclosure under one of the national housing financing plans passed by Congress, may be taxed, and though it may be made a party to an action to foreclose a mortgage or lien under 28 U.S.C. § 2410(a)(2), neither its real estate nor its interest in any real estate under a mortgage may be extinguished by a levy, advertisement and sale.

■ The defendants argue that the position of the United States would impair the taxing authority of the State of South Carolina or one of its political subdivisions. This is not the case. The waiver enacted by 12 U.S.C. § 1706b specifically allows the property to be taxed. However, this section does not allow the summary execution and sale of such property. To subject the property of the United States to levy and sale would require a specific waiver, which does not exist. 28 U.S.C. § 2410 allows the

United States to be made a party in *any civil action* to foreclose a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or lien.

Once the United States acquired an interest in or lien upon the real estate, such interest or lien could not be extinguished except by proceeding under § 2410.

The purpose of § 2410 is described by the United States Supreme Court in *U.S. v. Brosnan*, 363 U.S. 237, 80 S.Ct. 1108, 4 L.Ed.2d 1192 (1960) as being intended to lift the bar of sovereign immunity for the benefit of prior lien holders to enforce rights in civil actions in which the United States was a party, but the Court held that the United States was an indispensable party to such actions. In the present cases the United States was not made a party since no suits or foreclosure of the tax lien were ever filed.

The best reasoned case and the one most similar to the present facts is *Rust v. Johnson*, 597 F.2d 174 (9th Cir. 1979), which involved a dispute as to the respective title of parties, one being a purchaser from HUD and the other being a purchaser at a foreclosure of a paving lien by the City of Los Angeles. The Court found that the decisive issue in the suit was the constitutionality of the City's foreclosure procedure which extinguished the lien of the United States in such a way as to violate the supremacy clause of the Constitution. The decision is best explained at page 179 of the opinion:

> ... The City made no attempt to protect this interest when it sold and conveyed the tract to Rust and no allegation is made that FNMA's interest would be protected under any of the exceptions listed in Section 6555. By taking the position that it can convey absolute title in derogation of the federal interest, the City in effect asks this Court to extinguish FNMA's interest in the property. We believe that Congress did not intend for the City to have this power and that, in the absence of Congressional intent to the contrary, the action of the City cannot be sustained.

Our view of the situation is well expressed in the case of *City of New Brunswick v. United States, supra,* 276 U.S. at 555–56, 48 S.Ct. 371 [, at 372–373.] There, land owned by an instrumentality of the United States was sold to purchasers who executed mortgages to the instrumentality to secure the balance of the purchase price. The city of New Brunswick assessed the property for taxes in the year following the sale and, when the taxes went unpaid, it instituted proceedings to sell the lots to satisfy its lien. On appeal from an order enjoining the sale, the Supreme Court held that the purchasers' interest could be subjected to sale but the interest of the instrumentality could not. In so holding, the Court recognized the paramount interest of the United States in the property and ordered the City to protect that interest by expressly excluding it from the tax sale.

\*     \*     \*     \*     \*     \*

... "local governments cannot take any action to collect unpaid taxes assessed against property which would have the effect of reducing or destroying the value of a federally held purchase–money mortgage lien."

State legislation must yield under the supremacy clause of the Constitution to the interests of the federal government when the legislation as applied interferes with the federal purpose or operates to impede or condition the implementation of federal policies and programs.... In this manner, the supremacy clause seeks to avoid the introduction of the disparity, confusion and conflict which would follow if the Government's general authority is subject to local controls. *United States v. Allegheny County,* 322 U.S. 174, 183, 64 S.Ct. 908, [913–914,] 88 L.Ed. 1209 (1944).

To sustain the action of the City in this case, we would run the risk of substantially impairing the Government's participation in the home mortgage market and of defeating the purpose of the National Housing Act. While we recognize that the City was engaging in a valid state function, this does not render its conduct

constitutional or allow it to sell property without protecting the federal interest. This Court is persuaded by the reasoning of *Rust v. Johnson,* although defendants vigorously argue that the recent case of *U.S. v. Kimbell Foods, Inc.,* 440 U.S. 715, 99 S.Ct. 1448, 59 L.Ed.2d 711 (1979) should control. However *Kimbell* is not similar and does not involve the issues now before the Court. *Kimbell* involves various questions of priority of claims, choice of law and perfection of security interest, but it does not deal with the attempt by a political subdivision of the state to extinguish and interest of the United States in real estate. Establishing a priority of liens is not a difficult problem once all of the parties are before the Court, and this is the error with the County Treasurer's actions of levy and sale without bringing the suits required by § 2410.

The problems created by these cases could have been largely avoided if HUD would move with more dispatch in checking on the tax status of real estate coming into its hands and not allowing the property to go to a tax sale. The South Carolina law allows one year to redeem property sold for taxes and in one or more of the present cases HUD was advised at least 30 days prior to the expiration of the redemption period, but HUD claimed that this was not sufficient time for it to process and pay the taxes. This is a poor excuse, but not surprising to the Court which has observed the glacial pace of HUD in past instances.

The Court finds that the levy and sale in these four cases are void because such action by Richland County extinguished or attempted to extinguish the interest of the United States of America in violation of Article VI, Section 2 of the Constitution of the United States.

IT IS, THEREFORE, ORDERED that the deeds of the Tax Collector of Richland County to David Rosen recorded in Deed Book D–319 at page 197, to Joseph B. Rosen recorded in Deed Book D–319 at page 193, to Joseph B. Rosen recorded in Deed Book D–319 at page 195, and to Harvey Rosen recorded in Deed Book D–319 at page 191 (all references to the R.M.C. Office for Richland County, South Carolina) be, and the same are hereby, declared to be null, void and of no effect.

The Secretary of HUD has already obtained a deed to the real estate described in Civil Actions Nos. 76–2429 and 76–2435 and is entitled to immediate possession of these premises. In Civil Actions Nos. 76–2431 and 2433 the Secretary may proceed with foreclosure actions under the mortgages it holds.

IT IS FURTHER ORDERED that a copy of this Order be filed and properly indexed in the office of the Register of Mesne Conveyance for Richland County, South Carolina and that notations of the effect of this Order be made upon the face of the copies of the four deeds of the Tax Collector hereinabove described as they appear on the records of that office.

AND IT IS SO ORDERED.