**UNITED STATES of America**

v.

**EMERGENCY LAND FUND, INC.**

**Civ. A. No. J81–0524(B).**

United States District Court,
S.D. Mississippi,
Jackson Division.

Sept. 2, 1983.

---

Steven D. Orlansky, Watkins & Eager, Jackson, Miss., Arnold M. Weiss, Memphis, Tenn., for plaintiff.

R. Jess Brown and Everett T. Sanders, Jackson, Miss., for defendant.

## ORDER

BARBOUR, District Judge.

THIS MATTER came before this Court on Plaintiff's Motion for Summary Judgment as to Count I of its Complaint. The Court fully considered the memoranda offered in support of said Motion and orally granted the summary judgment on August 17, 1983, after finding that the plaintiff was entitled to judgment as a matter of law since there were no genuine issues as to material facts.

Factually, the case involved a deed of trust acquired by a Federal agency pursuant to the National Housing Act. The Plaintiff based its claim of fee simple title to the subject property on the well-established principles of Federal Law that the "first in time" of two competing liens is the "first in right" and secondly that a state cannot extinguish a federal mortgage lien by means of a tax sale or otherwise.

The uncontradicted facts[1] indicate that on July 21, 1971, Mrs. Beulah Wells received a warranty deed to the subject property and executed a deed of trust in favor of First Federal Savings and Loan Association, which deed of trust was duly recorded in the office of the Chancery Clerk of Hinds County, Mississippi, on July 23, 1971. The deed of trust reflects that it was insured under the provisions of the National Housing Act, 12 U.S.C. § 1701 *et seq.* On July 16, 1973, the subject deed of trust was assigned by First Federal Savings & Loan Association to the Secretary of Housing and Urban Development (H.U.D.) with the assignment being duly recorded in the office of the Chancery Clerk of Hinds County, Mississippi, on July 17, 1973. On September 16, 1974, the subject property sold for delinquent 1973 county ad valorem taxes to the defendant. The defendant received a tax deed on October 6, 1976, which was duly recorded thereafter. The Secretary of H.U.D. assigned the deed of trust to the Lomas and Nettleton Company with the

---

1. In its amended answer to the Complaint, the Defendant denied the Plaintiff's deraignment of title except for the allegation that the subject property was conveyed by warranty deed from Mississippi Industrial and Special Services, Inc., to Beulah Wells on July 21, 1971. The Defendant admitted that it acquired its claim of title to the subject property by means of a sale for outstanding 1973 county ad valorem taxes on September 16, 1974, with the tax deed issued to the Defendant on October 6, 1976. Although the Defendant denies the deraignment of title, it does not affirmatively set up its own deraignment by virtue of affidavit accompanying its memorandum in opposition to the Motion for Summary Judgment. As provided in Rule 56(e) of the Federal Rules of Civil Procedure: "When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

assignment being duly recorded in the office of the Chancery Clerk of Hinds County, Mississippi, on May 30, 1980. Subsequently, the substituted trustee, Arnold M. Weiss, having previously advertised as required by law held a foreclosure sale on August 12, 1980, at which time the subject property was sold to Lomas and Nettleton. Lomas and Nettleton thereafter assigned its interest to the Secretary of H.U.D. Arnold M. Weiss issued his Substituted Trustee's Deed to the subject property to the Secretary of H.U.D. on August 12, 1980.

The United States Supreme Court announced the priority rule of "first in time is first in right" in 1954 in *United States v. New Britain,* 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 367 (1954). In announcing this rule, the Court noted that a lien must be "choate" before the lien is entitled to priority. The Court defined choate as being certain as to amount, identity of the lienor and the property subject to the lien. "Otherwise, a state could affect the standing of federal liens contrary to the established doctrine, simply by causing an inchoate lien to attach at some arbitrary time even before the amount of the tax, assessment, etc. is determined." *Id.* at 86, 74 S.Ct. at 370. Although *New Britain* dealt with priority of federally created tax liens, the rule dealing with priority was applied to federal mortgage liens in *City of New Brunswick v. United States,* 276 U.S. 547, 555, 48 S.Ct. 371, 372, 72 L.Ed. 693 (1928).

The Fifth Circuit applied the "established doctrine" of priority in *United States v. Roessling,* 280 F.2d 933 (5th Cir.1960). In *Roessling,* the Government loan was made pursuant to the Emergency Relief Appropriation Act of 1935. The loan was secured by a mortgage on certain real property in Florida, which mortgage was duly recorded on April 19, 1937. The 1940 county ad valorem taxes assessed against the mortgaged property were not paid. Tax liens under Florida law were said to have priority over other liens. The property was sold to the county and on July 7, 1941, a tax sale certificate was issued. In accordance with the provisions of Florida law, the county filed an action in Circuit Court to quiet title. In holding that the decree purporting to divest the federal lien was of no effect, the Fifth Circuit concluded:

> There is no Constitutional prohibition against a state or county assessing taxes against property on which the United States holds a lien on the basis of the full value of that property, but in the absence of congressional consent the state or county is without authority to enforce the collection of the taxes thus assessed so as to destroy the pre-existing federal lien.

*Id.* at 936.

In the case at bar, the county tax lien through which the Defendant claims title arguably became certain as to the identity of the lienor and the property subject to the lien as of January 1, 1973, pursuant to Section 27–35–1 of Mississippi Code Annotated (Supp.1982). However, the tax lien could not possibly be certain as to amount on January 1, 1973. As provided in Mississippi Code Annotated, Section 27–39–317 (Supp.1982):

> The board of supervisors of each county shall, at its regular meeting in *September* of each year, levy the county ad valorem taxes for the fiscal year, and shall, by order, *fix the tax rate....*

Thus, the county taxes in question could not possibly become choate until at least September of 1973 when the millage rate was determined by the board of supervisors. Consequently, the state tax lien was not "first in time". The affidavit submitted on behalf of the Plaintiff clearly indicates that the public records of Hinds County, Mississippi, clearly establish that the Secretary of H.U.D. received an assignment of the subject deed of trust on July 16, 1973. The Defendant has admitted that it purchased the subject property at a tax sale on September 16, 1974. Consequently, it is clear that, under the uncontradicted facts of this case, the deed of trust lien held by the Secretary of H.U.D. was, as a matter of law, prior and paramount to the county tax lien through which the Defendant makes its claim of title.

 

Additionally, the tax lien cannot be enforced so as to extinguish the federal interest. The United States Supreme Court has held that a local government cannot subject to sale for taxes a security interest in real property held by a federal agency. In *New Brunswick v. The United States,* 276 U.S. 547, 48 S.Ct. 371, 72 L.Ed. 693 (1928) the City of New Brunswick, New Jersey, assessed taxes upon various tracts of real property in which the United States Housing Corporation held legal title under the terms of installment sales contracts. The Supreme Court held that the interest held by the United States was paramount to the taxing power of the state and could not be subjected to the sale by the city for taxes. *Id.* at 556, 48 S.Ct. at 373. *Cf. Rust v. Johnson,* 597 F.2d 174 (9th Cir.1979) (Federal National Mortgage Association held deed of trust on property city foreclosed for delinquent taxes; foreclosure held unconstitutional under the Supremacy Clause). Recently, the reasoning of *New Brunswick* and *Rust* was followed in four consolidated cases which are very similar to the case at bar. In *United States v. County of Richland,* 500 F.Supp. 312 (D.S.C.1980) the United States sought to have county issued tax deeds set aside and title vested in the Secretary of Housing and Urban Development. In each case, the property in question had been sold for delinquent ad valorem taxes. The Court held the tax sales in all four cases to be void as violative of Art. VI, Section 2, the Supremacy Clause of the United States Constitution. The deeds issued pursuant to those tax sales were declared null and void and the Secretary of H.U.D. was declared entitled to immediate possession of the properties. *Id.* at 317.

Thus, the tax sale in question in the case at bar cannot operate so as to extinguish the federal interest. As stated by the Court in *New Brunswick,* the federal lien "is paramount to the taxing power of the state and cannot be subjected by the [coun-

ty] to sale for taxes." 276 U.S. at 556, 48 S.Ct. at 373. The tax sale on September 16, 1974, is therefore null and void.

Consequently, there remains no genuine issue as to any material fact in the case at bar and the plaintiff is entitled to judgment as a matter of law.[2]

IT IS, THEREFORE, ORDERED AND ADJUDGED that Plaintiff's Motion for Summary Judgment be, and the same is hereby granted.

---

**2.** Plaintiff moved to amend its pretrial order on the basis of the United States Supreme Court decision in *Mennonite Board of Missions v. Adams,* —— U.S. ——, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983). The Defendants objected

to any amendment to the pretrial order. However, the Plaintiff's motion to amend the pretrial order is now moot since the Court has granted summary judgment.