**594**

DARCY REALTY, INC., Plaintiff,

v.

FEDERAL SAVINGS AND LOAN IN-
SURANCE CORP., The County of Sulli-
van and The Sheriff of Sullivan Coun-
ty, Defendants.

No. 89 Civ. 5149 (RPP).

United States District Court,
S.D. New York.

May 2, 1990.

Goldstein & Stoloff, Richard A. Stoloff,
Monticello, N.Y., for plaintiff.

Pieper Hoban & Royce, Stephen P. Ho-
ban and Robert J. McLaughlin, Mineola,
N.Y., for defendants.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District
Judge.

Defendant Federal Savings and Loan In-
surance Corporation (now FSLIC Resolu-
tion Fund, pursuant to the Financial Insti-
tutions Reform, Recovery and Enforcement
Act of 1989, enacted on August 9, 1989)
(hereinafter FSLIC) moves for an order,
pursuant to Rule 56 of the Federal Rules of
Civil Procedure (a) dismissing the com-
plaint in its entirety, and (b) granting it
summary judgment on its counterclaims.

This action arises out of an action
brought by Flushing Federal Savings and
Loan Association (Flushing Federal)
against Mr. Jack Halperin (Halperin),
Smallwood Operating Corporation (Small-
wood) and Natalie Development, Inc. (Nata-
lie) in New York State Supreme Court,
Queens County, seeking damages in the
amount of $1,527,617.67. On or about
April 30, 1986, FSLIC, which is a corporate
instrumentality of the United States of
America, succeeded to the position of
Flushing Federal, pursuant to government-
assisted merger, as to the aforementioned
obligation of Halperin, Smallwood and Na-
talie. On September 19, 1986, the Office of
the Clerk of the County of Queens entered
judgment on behalf of FSLIC against
Halperin, Smallwood and Natalie in the
amount of $1,733,939.47, plus interest from
and after September 19, 1986. No appeal
was taken. That judgment was duly dock-
eted in the office of the Clerk of Sullivan
County, State of New York on October 30,
1986, and, upon said docketing, became
FSLIC's lien on all real property owned by
Halperin, Smallwood and Natalie.

On January 21, 1988 and September 13,
1988, FSLIC submitted to the Sheriff of
Sullivan County two property executions
with notice to garnishees Halperin, Small-
wood and Natalie directing that various
parcels of their real property located in
Sullivan County be sold by the Sheriff of

Sullivan County. By virtue of these two property executions, an execution sale was scheduled by the Sheriff of Sullivan County for April 7, 1989.

Meanwhile, on October 8, 1988, almost two years after FSLIC had perfected its judgment lien, one Joan A. Shaw obtained title to the Smallwood real estate parcels pursuant to a Sullivan County administrative tax sale for unpaid local real estate taxes for the 1984 tax year. Then, by way of a deed dated January 13, 1989, Joan A. Shaw purportedly transferred, apparently without consideration, the same parcels to plaintiff, Darcy Realty, Inc. (Darcy), a New Jersey corporation and an affiliate of judgment debtor Halperin.

Thereafter, the Sheriff of Sullivan County re-noticed the original execution sales pertaining to FSLIC's lien from April 7, 1989 to July 7, 1989. The Sheriff did not interpret the October 1988 sale as extinguishing the federal lien and the re-noticing was due to a failure to give 30 days notice to all persons claiming an interest in the real property. After proper compliance with the notice provisions of Article 52 of the New York Civil Practice Law and Rules, the execution sales were scheduled for August 8, 1989.

On July 27, 1989, plaintiff brought this action in New York State Supreme Court, Sullivan County, for (1) an injunction permanently enjoining FSLIC and the other defendants from proceeding with the execution sale scheduled for August 8, 1989, and (2) damages against FSLIC in the amount of $107,500. On July 28, 1989, FSLIC removed the action to this Court pursuant to 28 U.S.C. § 1441(a) and 12 U.S.C. § 1730(k).

On August 3, 1989, plaintiff moved by order to show cause, returnable August 7, 1989, for a restraining order enjoining the defendants from proceeding with the Sheriff's execution sale scheduled for August 8, 1989. By decision of August 8, 1989, this Court denied the plaintiff's motion on the grounds plaintiff had shown neither (a) the likelihood of success on the merits, nor (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief. *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir.1979) (per curiam). After this Court denied plaintiff's motion for a restraining order, the execution sales took place.

Plaintiff contended in its order to show cause and still contends on this motion that the October 1988 tax sales extinguished the judgment lien of FSLIC. Plaintiff relies on New York law.

FSLIC takes the position that the rights of FSLIC, a corporation created by the government of the United States, are governed by federal law and that therefore the local tax sale could not have extinguished FSLIC's lien. Under *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 726–27, 99 S.Ct. 1448, 1457–58, 59 L.Ed.2d 711 (1979), and *Clearfield Trust Co. v. United States*, 318 U.S. 363, 366–67, 63 S.Ct. 573, 574–75, 87 L.Ed. 838 (1943), when "agencies derive their authority ... from specific Acts of Congress passed in the exercise of a 'constitutional function or power,' " then federal law governs the agencies' rights. 440 U.S. at 726, 99 S.Ct. at 1457 (quoting 318 U.S. at 366, 63 S.Ct. at 575). Although there can be no dispute that FSLIC was a congressionally created instrumentality of the federal government, plaintiff argues that *Kimbell Foods* and *Clearfield Trust* only require that federal law be controlling if there was an involvement of the federal agency with the creation of the lien. Plaintiff points out that the original action by Flushing Federal was a collection action seeking to recover $1,527,617.67 from defendants for having issued bad checks to Flushing Federal in that same amount on the basis of which Flushing Federal advanced to said defendants, $1,527,617.67. Accordingly, plaintiff contends the underlying disbursement was Flushing Federal's and not FSLIC's, and, thus, there is an insufficient connection between FSLIC and the funds sought to be recovered by virtue of the judgment lien.

If FSLIC was merely assigned the lien as a receiver then it would not necessarily

have a federal interest entitled to priority. *See United States v. Marxen,* 307 U.S. 200, 59 S.Ct. 811, 83 L.Ed. 1222 (1939) (assignment of mortgage lien to the United States does not result in prioritizing of lien as a federal interest); *City of New York v. United States,* 414 F.Supp. 90, 92 (E.D.N. Y.1975). Plaintiff's argument, however, overlooks the statutory function which FSLIC was performing in perfecting the judgment lien: the protection of savers using federally insured savings and loans associations by purchasing assets or otherwise rendering assistance to such institutions "in its sole discretion and upon such terms and conditions as the Corporation [FSLIC] may prescribe." 12 U.S.C. § 1729(f). Pursuant to 12 U.S.C. § 1729, FSLIC had power to purchase assets of an insured institution and to make contributions to an insured institution to prevent default, or restore normal operations to such an institution. The judgment lien was created on FSLIC's behalf as a result of FSLIC's carrying out of a merger of Flushing Federal Savings and Loan into Long Island Savings Bank. The liens were created as a result of FSLIC acting not as a receiver but in its federal statutory, corporate capacity.

Since FSLIC's rights are controlled by federal law, the county tax sale could not erase the federal lien. FSLIC's lien was immune from the effects of the local tax sale. *See* 12 U.S.C. § 1725(e); *City of New Brunswick v. United States,* 276 U.S. 547, 556, 48 S.Ct. 371, 372–73, 72 L.Ed. 693 (1928) ("That [lien] interest, being held by the Corporation for the benefit of the United States, is paramount to the taxing power of the State and cannot be subjected by the City to sale for taxes."); *United States v. General Douglas MacArthur Senior Village, Inc.,* 470 F.2d 675 (2d Cir.1972) (federal liens are not subordinated to subsequent local liens absent clear congressional intent), cert. denied sub nom., *County of Nassau v. United States,* 412 U.S. 922, 93 S.Ct. 2732, 37 L.Ed.2d 149 (1973); *United States v. Roessling,* 280 F.2d 933 (5th Cir.1960) (same). In view of this authority, it is clear that the October 1988 tax sale, by which Joan A. Shaw acquired her interest in the real properties in issue, did not extinguish FSLIC's judgment liens filed almost two years earlier. Accordingly, FSLIC's motion is granted as to the fourth cause of action, which proceeds on the assumption that the FSLIC judgment lien was extinguished by the tax sale conducted in October 1988.

The first three causes of action request injunctive relief against the execution sales which have taken place. Accordingly, FSLIC's motion to dismiss these causes of action is granted and they are dismissed as moot.

FSLIC also moves for summary judgment on its counterclaims. These counterclaims request (1) a declaratory judgment "that the interests of Darcy Realty, Inc. or any person or entity claiming by, through or under Darcy Realty, Inc., were extinguished by said Sheriff's sale" held on August 8, 1989, and (b) an award of attorney's fees, costs and disbursements against plaintiff for bringing a meritless action.

Since the Court has found that the FSLIC 1986 judgment lien was not vacated by the 1988 tax sale and that the plaintiff has not contested the applicable procedural requirements of the State of New York for judgment execution sales under Article 52 of the Civil Practice Law and Rules, summary judgment on FSLIC's first counterclaim is granted.

With respect to FSLIC's second counterclaim, defendant FSLIC's motion for summary judgment on this counterclaim is denied because there is insufficient evidence of bad faith on behalf of plaintiff.

## CONCLUSION

Defendants' motion for summary judgment to dismiss the complaint in its entirety is granted. Defendants' motion for summary judgment on it counterclaims is granted only with respect to the first counterclaim. The defendants will submit a proposed judgment within ten days of the entry of this order and on five days notice to plaintiff.

SO ORDERED.