LILES, Acting Chief Judge.
This is an appeal from a judgment entered on a petition for apportionment of a condemnation award. The City of Lake-land sought to condemn property owned by appellee, Ola M. Jennings, which she had leased to appellant Owenby Auto Parts, Inc. The parties entered into a stipulation and the condemnation suit was settled. The lessee, Owenby Auto Parts, Inc., was a party to the stipulation. During the course of the trial for apportionment, appellant sought to introduce the capitalization method to arrive at lessee’s interest in the condemnation award. The trial judge refused to hear this testimony and it was proffered. At the conclusion of the trial, a final judgment was entered denying lessee-appellant any part of the award and denying attorney’s fees.
Appellant maintains that it was error for the court to refuse to consider the capitalization method and failure to award attorney’s fees, and also that the court erred in sustaining appellee’s objection to the testimony going to rent which appellant would be required to pay at a new location.
We have reviewed the record, the briefs and heard oral argument and have concluded that the court only erred in refusing to award attorney’s fees to appellant’s attorney. Fla.Stat. § 73.091, F.S.A., provides:
“The petitioner shall pay all reasonable costs of the proceedings in the circuit court, including a reasonable attorney’s fee to be assessed by that court.”
In Orange State Oil Co. v. Jacksonville Expressway Authority, Fla.App.1962, 143 So.2d 892, 895-896, Judge Wigginton said:
“It is noted from the above quoted section of the statute that the legislature has provided for all costs of eminent domain proceedings to be paid by the petitioner. This provision is all inclusive, and contains no exception as to costs incurred after trial. It applies to all such necessary costs as may be incurred by the parties in procuring a final adjudication of their rights, irrespective of whether such costs are incurred during the first or second stage of the proceedings contemplated by the statute.” (Emphasis added.)
Therefore, the denial of attorney’s fees to appellant’s attorney was error.
The cause is remanded for the purpose of assessing attorney’s fees and the final judgment in all other respects is affirmed.
Affirmed in part, reversed in part, and remanded for action consistent with this opinion.
McNULTY, J., and DAYTON, ORVILLE L., Jr., (Ret.) Associate Judge, concur.