GRIMES, Chief Judge.
These are appeals from orders in a condemnation action determining that a defendant whose sole interest in the condemned property is that of a vendor under a contract for deed is not entitled to recover costs and attorney’s fees from the condemning authority.
■ The courts of Florida have consistently held that a vendor’s interest in a contract for deed is a security or lienhold interest. *165 Adkinson v. Nyberg, 344 So.2d 614 (Fla.2d DCA 1977); Hoffman v. Semet, 316 So.2d 649 (Fla. 4th DCA 1975); Arko Enterprises, Inc. v. Wood, 185 So.2d 734 (Fla. 1st DCA 1966). Therefore, the controlling issue is whether a mortgagee or other lienholder is entitled to claim costs and attorney’s fees in a condemnation proceeding.
In Shavers v. Duval County, 73 So.2d 684 (Fla.1954), our supreme court specifically held that the mortgagee of condemned land was not entitled to recover attorney’s fees from the condemning authority. The court predicated its decision in large part upon Section 73.11, Florida Statutes (1951), which provided that the jury would set “a reasonable attorney’s fee for the defendant’s attorney.” The court reasoned that this language pertained exclusively to compensation to be awarded to the owner or owners of property taken and that it did not include a mortgagee who merely owned a chose of action creating a lien upon the property.
The appellant points out that Chapter 73 was amended in 1965.[1] Section 73.081, Florida Statutes (1977), entitled “Form of Verdict,” which is comparable to Section 73.11, Florida Statutes (1951), now eliminates any reference to attorney’s fees. Instead, Section 73.091, Florida Statutes (1977), simply provides:
73.091 Costs of the proceedings. — The petitioner shall pay all reasonable costs of the proceedings in the circuit court, including a reasonable attorney’s fee to be assessed by that court.
Thus appellant argues that because the statute no longer requires a jury to set the attorney’s fee at the time they establish the condemnation award, a mortgagee who has been joined as a defendant should be reimbursed for attorney’s fees incurred in protecting his interest against conflicting claims in the supplemental proceeding contemplated by Section 73.101.[2]
The appellant draws support from Orange State Oil Co. v. Jacksonville Expressway Authority, 143 So.2d 892 (Fla. 1st DCA 1962), which held, under the same statute effective when Shavers was decided, that both the lessee and the lessor of condemned property was entitled to recover their respective costs from the condemning authority. The court emphasized Section 73.16 Florida Statutes (1961), which specified that “all costs of proceedings shall be paid by the petitioner, including a reasonable attorney’s fee to be assessed by the jury . . .” In Owenby Auto Parts, Inc. v. Jennings, 259 So.2d 537 (Fla.2d DCA 1972), our court relied upon the Orange State Oil Co. decision to award attorney’s fees to a lessee in a condemnation action.
 The appellant makes a compelling argument that he would not have incurred attorney’s fees to protect his position were it not for the fact that the land upon which he held a security interest was being condemned. Hence, he should be made whole according to the spirit of Article X, Section 6 of the Florida Constitution and Chapter 73. Be that as it may, since the date of the Shavers decision it has been generally understood that mortgagees are not entitled to attorney’s fees in condemnation proceedings.[3] We cannot say that the legislature, by virtue of the 1965 amendment to Chapter 73, intended to change this rule. The primary purpose of this amendment as it relates to attorney’s fees was to provide that the court rather than the jury would set the amount of the fee. If mortgagees and other lienholders are now to be reimbursed for their attorney’s fees in condemnation proceedings, we believe the legislature should specifically say so. Because Chapter 73 has always treated attorney’s *166 fees as a cost, we think the same principle precludes a mortgagee from the recovery of any other costs.
While our decision might be interpreted as receding from Owenby Auto Parts, Inc. v. Jennings, supra, we do not specifically do so at this time because of the differences which may exist between the interests of a lienholder and those of a lessee in condemned land.
AFFIRMED.
RYDER and DANAHY, JJ., concur.

. Ch. 65-369, Laws of Florida.

. The statutes with respect to determining conflicting claims to the amount awarded were not substantially changed by the 1965 amendments. Compare Section 73.101, Florida Statutes (1977), with Section 73.12, Florida Statutes (1951).

.See Major Realty Corp. v. Florida State Turnpike Auth., 160 So.2d 125 (Fla.2d DCA 1964); Florida Eminent Domain Practice and Procedure, § 8.23 (3d ed. 1977).