636 So.2d 825 (1994)
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellant,
v.
BEN HILL GRIFFIN, INC., Appellee.
No. 93-03029.
District Court of Appeal of Florida, Second District.
May 4, 1994.
*826 Thornton J. Williams, Gen. Counsel, and Gregory S. Costas, Asst. General Counsel, Dept. of Transp., Tallahassee, for appellant.
Deborah A. Ruster, Peterson, Myers, Craig, Crews, Brandon & Puterbaugh, P.A., Lake Wales, for appellee.
BLUE, Judge.
The Department of Transportation (DOT) appeals a final judgment awarding attorney's fees to Ben Hill Griffin, Inc. (Griffin) in an eminent domain proceeding. DOT contends the fee award is erroneous because there is no statutory authority to award attorney's fees to a party with no ownership interest in the subject property. We agree and reverse.
DOT initiated eminent domain proceedings over a parcel of property. The suit included a claim against Griffin due to a possible prescriptive easement interest in a dirt driveway contained in the parcel. Griffin retained an attorney and filed an answer admitting an ownership interest in the property. Griffin subsequently concluded it had no interest in the property and notified DOT it would agree to being dropped as a party. DOT filed a notice dropping Griffin from the lawsuit.
Griffin then filed a motion for attorney's fees and a memorandum of law admitting the lack of an ownership interest. Following an evidentiary hearing, the trial court found that Griffin was placed in the lawsuit by DOT and it was reasonable for Griffin to incur attorney's fees to investigate and protect any interest it might have in the property. Relying on City of Miami Beach v. Manilow, 253 So.2d 910 (Fla. 3d DCA 1971), the court determined that Griffin was entitled to have its attorney's fees paid even though it was dismissed from the lawsuit prior to trial. The court awarded Griffin fees for 8.9 hours for a total of $1,330.
Section 73.091, Florida Statutes (1993), provides for the award of attorney's fees in eminent domain proceedings. The purpose of the fees provision is to satisfy the state constitutional requirement that a property owner receive full compensation for the taking of private property. A party must have an ownership interest in the property in order to be entitled to an award of attorney's fees. Shavers v. Duval County, 73 So.2d 684 (Fla. 1954); Grieser v. Division of Admin., State Dep't of Transp., 371 So.2d 164 (Fla. 2d DCA 1979). We conclude an ownership interest in the property is required for a fee award under section 73.091, even when a party is dismissed from the suit prior to trial.
Under the facts presented in this case, the circuit court's fee award was equitably correct but legally erroneous. Attorney's fees cannot be taxed as costs in any cause unless provided for by contract or by statute or where a fund has been created or brought into court. Colvin v. Homan, 442 So.2d 370 (Fla. 2d DCA 1983). Because section 73.091 authorizes the award of fees only to a party with an ownership interest in the property, there was no authority for the award of fees. Accordingly, we reverse the final judgment awarding attorney's fees to Griffin.
THREADGILL, A.C.J., and QUINCE, J., concur.