DAUKSCH, Judge.
Appellant, Seminole County, appeals an order awarding appellee, M.G. Investments of Orlando, Inc., attorney’s fees in the amount of $126,475. The fees were awarded following a condemnation proceeding pursuant to section 73.092(l)(a), Florida Statutes (1995).
This case arose in 1994 when Balcor Real Estate Holdings, Inc. hired Ruden, McClo-sky, Smith, Schuster & Russell, P.A. (Ruden & McClosky) to represent it in appellant’s condemnation of its property which Balcor was in the final stages of foreclosing. Ruden & McClosky thereafter forwarded to appellant an attorney authorization form signed by Continental Park Partners, Inc. (Continental), the general partner of Estate Limited Partnership (Estate), the entity created by Balcor to take title to the property following its foreclosure. On August 26, 1994, appellant made a written offer for the property to Continental in the amount of $1,174,100. More than a year later, Continental and appellant agreed to a sales price of $1,600,000. Appellant thereafter sent Estate a purchase agreement for the property in the amount of $1,600,000.
On January 5,1996, Estate entered into an agreement of sale for the property with ap-pellee in the amount of $8,517,820 in which they agreed to a sale of the property subject to the stipulation that Estate retained all rights and proceeds awarded in the condemnation proceeding. They also executed an assignment in which appellee agreed to assign the condemnation proceeds to Estate. The assignment was delivered to appellee simultaneously with the mortgage. ■
On February 16, 1996, appellee signed a letter authorizing Ruden & McClosky to disburse the condemnation proceeds to Estate, even if they were received after it closed on the sale of the property. On March 14,1996, appellant signed a purchase agreement for fee with Estate in the amount of $1,600,000. The closing did not occur, however, because Estate had already sold the property to ap-pellee. Thus, on May 3, 1996, appellant signed a purchase agreement for fee with appellee for the property. The purchase agreement for fee provided in pertinent part the following:
... COUNTY acknowledges that it is responsible to pay attorneys’ fees and costs to OWNER’S counsel herein under applicable condemnation law, but COUNTY disputes the amount of such attorneys’ fees and costs.
On March, 5, 1997, appellant filed an eminent domain petition against appellee, as owner, and against Estate, as mortgagee. There were also several other named defendants not relevant to this appeal. On June 3, 1997, a stipulated order of taking and final judgment were entered in the amount of $1,607,025.53, which amount included engineering fees of $7,024.53 and a clerk’s fee bf $100. The judgment ordered that the total amount be paid into the registry of the court after which the clerk was ordered to pay the judgment to the trust account of Ruden & McClosky who was further authorized to disburse the proceeds to Estate. The trial court reserved jurisdiction to award attorney’s fees “in accordance with law or by agreement between the parties.” Estate was paid $1,599,544.92.
*1068 Appellee thereafter moved for attorney’s fees under section 73.092(l)(a). Following a hearing, the trial court awarded appellee attorney’s fees in the amount of $126,475 based upon the difference between appellant’s first written offer of $1,174,000 to Continental [or Estate] and the final judgment amount of $1,600,000 [for the, value of the property]. Appellant appealed.
The issue in this appeal is governed by this court’s interpretation of section 73.092(l)(a) which provides in part the following:
73.092 Attorney’s fees.—
(1) Except as otherwise provided in this section, the court, in eminent domain proceedings, shall award attorney’s fees based solely on the benefits achieved for the client.
(a) As used in, this section, the term “benefits” means the difference, exclusive of interest, between the final judgment or settlement and the last written offer made by the condemning authority before the defendant hires an attorney. If no written offer is made by the condemning authority before the defendant hires an attorney, benefits must be measured from the first written offer after the attorney is hired.
Once the benefits to the client are determined, fees are then awarded on a percentage basis in accordance with section 73.092(l)(c), Florida Statutes (1995).
Appellant contends that the trial court erred in its construction of section 73.092(l)(a) because the statute defines the benefits achieved for the client as the difference between the final judgment and settlement and the first written offer. Because appellee is the property owner, appellant maintains that the benefits are the difference between the final judgment amount of $1,600,000 and the first written offer to ap-pellee of $1,600,000 which is zero. Thus, appellant contends that appellee is not entitled to attorney’s fees.
Appellant contends that the trial court erred by deeming Estate, the prior landowner, rather than appellee,, the present landowner, to be the defendant for purposes of calculating the benefits achieved for the client. It contends that the statutory defendant is the property owner from whom it has acquired its interest in the property rather than any previous property owners who may have been involved in preliminary negotiations. Relying upon Marianna & B.R. Co. v. Maund, 62 Fla. 538, 56 So. 670 (1911) and Canney v. City of St. Petersburg, 466 So.2d 1193 (Fla. 2d DCA 1985), it contends that the property owner at the time of the taking is the party entitled to damages for the taking.
Additionally relying upon section 74.061, Florida Statutes (1995), appellant contends that a landowner’s right to compensation for lands taken vests immediately upon the con-demnor’s making of the deposit because that is when it acquires its ownership interest. See also Canney (city took title to condemned land when it made deposit into court registry because money paid took place of land). Appellant contends that the property owner in whom title is vested when the taking occurs is the party to whom a written offer must be made and attorney’s fees are owed.
Appellant contends further that a party must have an ownership interest in condemned property at the time of the taking in order to be entitled to attorney’s fees. It relies upon Shavers v. Duval County, 73 So.2d 684 (Fla.1954) in which the supreme court, in construing section 73.11, Florida Statutes (1951) pertaining to the form of verdict in a condemnation proceeding, held that a mortgagee, merely a property lien-holder in a condemnation proceeding, is not entitled to attorney’s fees. One of the requirements for a valid verdict under section 73.11 was that it contain a provision awarding a reasonable attorney’s fee to counsel for the property owner for defending the proceedings. Rejecting the mortgagee’s claim for attorney’s fees, the court reasoned:
We think it plain that the phrase “including a reasonable attorney’s fee for the defendant’s attorney”, which appears in section 73.11 in respect to the second requirement of the verdict, pertains exclusively to the compensation to be awarded the owner or owners for the property taken, and is included in the award so that the owner or owners will be made whole, in conformance with the mandate of the Florida Constitution that “No private property, nor right of way shall be appropriated to *1069 the use of any corporation or individual until full compensation therefor shall be first made to the owner * * Section 29, Article XVI, and section 12, Declaration of Rights, Constitution of Florida, F.S.A. Compare Dade County v. Brigham, Fla., 47 So.2d 602, 18 A.L.R.2d 1221. It has no application to a defendant mortgagee, whose rights by virtue of the verdict and judgment are transferred to the award made to the owner, Seaboard All-Florida R. Co. v. Leavitt, 105 Fla. 600,141 So. 886, unless it can be said that the mortgage held by the mortgagee gives him a proprietary interest or estate in the land condemned.
That such is not the nature of a mortgage in this jurisdiction is firmly established by the decisions. Under our holdings, a mortgagee does not have an estate or interest in mortgaged lands, by virtue of his mortgage, but is merely the owner of a chose in action creating a lien on the property. Evins v. Gainesville National Bank, 80 Fla. 84, 85 So. 659; Waldock v. Iba, 114 Fla. 786, 150 So. 231, 803, 153 So. 915. Therefore, whatever the rule may be elsewhere, we think it clear that under our condemnation statutes (which from their nature require a strict construction: Florida Cent. & P.R. Co. v. Bear, 43 Fla. 319, 31 So. 297[287]), a mortgagee of lands sought to be condemned cannot be held to be an “owner” and hence entitled to an attorney’s fee to be paid by the petitioner, but must be deemed, in this regard, to fall in the class with judgment creditors and other lienholders, as to whom no attorneys’ fees are allowable.
Shavers, 73 So.2d at 687.
Similarly, in the more recent case of State, Dep’t of Transp. v. Ben Hill Griffin, Inc., 636 So.2d 825 (Fla., 2d DCA 1994), a case upon which appellant also relies, the court rejected the attorney’s fee claim of a possible prescriptive easement holder and named defendant in a condemnation case who hired an attorney and defended its alleged interest in the condemned property because it did not have an ownership interest in the property. The court reasoned:
Section 73.091, Florida Statutes (1993), provides for the award of attorney’s fees in eminent domain proceedings. The purpose of the fees provision is to satisfy the state constitutional requirement that a property owner receive full compensation for the taking of private property. A party must have an ownership interest in the property in order to be entitled to an award of attorney’s fees. Shavers v. Duval County, 73 So.2d 684 (Fla.1954); Grieser v. Division of Admin., State Dep’t of Transp., 371 So.2d 164 (Fla. 2d DCA 1979). We conclude an ownership interest in the property is required for a fee award under section 73.091, even when a party is dismissed from the suit prior to trial.
Under the facts presented in this case, the circuit court’s fee award was equitably correct but legally erroneous. Attorney’s fees cannot be taxed as costs in any cause unless provided for by contract or by statute or where a fund has been created or brought into court. Colvin v. Homan, 442 So.2d 370 (Fla. 2d DCA 1983). Because section 73.091 authorizes the award of fees only to a party with an ownership interest in the property, there was no authority for the award of fees....
Ben Hill Griffin, 636 So.2d at 826.
Appellee contends in response that the benefits achieved for the client, Estate, is the difference between appellant’s first written offer to Estate in the amount of $1,174,100, after its attorney was hired, and the final judgment amount of $1,600,000. It contends that section 73.092(l)(a), clear on its face, does not identify the offeree because the legislature did not want to restrict the amount of attorney’s fees which the condemning authority is obligated to pay based upon “a change of the owner’s name.” It argues, “It is not the vagary of ownership and titles that controls the attorneys’ fees, but instead it is the reality of tangible benefits achieved for the client that controls.” Appellee, characterized by itself as “at most the legal title holder to the property,” maintains that from appellant’s initial offer to the trial court’s entry of the final judgment, Estate was and is the beneficial owner or the real party in interest because it retained all rights to the condemnation action. In fact, the purchase price of the property was adjusted to account for the fact that the property was partially condemned. Additionally, in the purchase agreement for fee between ap *1070 pellant and Estate, appellant acknowledged that it was. responsible “to OWNER’S COUNSEL” for the payment of attorney’s fees and costs under applicable condemnation law but disputed the amount of such fees and costs.
Appellee concludes that to give credence to appellant’s argument creates a windfall to Estate, who benefited in the amount of $425,-900 for the ■ services of its counsel over a three-year time period. It contends that under appellant’s reasoning, it will “either fore-go, its right to sell its property, or forego its right to full compensation in the condemnation (by having to pay attorneys’ fees).” It contends that such a result is unconstitutional.
We agree with appellant that the trial court’s order awarding appellee attorney’s fees in the amount of $126,475 should be affirmed based upon the reasoning set forth in Shavers and its progeny. As those cases hold, a party must, to be entitled to attorney’s fees in a condemnation action, have an ownership interest in the property. See Seminole County v. Butler, 676 So.2d 451, 454 (Fla. 5th DCA), rev. den., 686 So.2d 581 (Fla.1996) (Noting that section 73.091 authorizes condemning authority to pay only those attorney’s fees ‘“incurred in the defense of ” eminent domain proceeding, court found that full compensation within context of eminent domain proceedings includes “payment of attorney’s fees necessary to enforce the property owner’s rights, including fees incurred in proceedings arising out of, and ancillary to, the original condemnation proceeding”); Schick v. Florida Dept. of Agriculture & Consumer Servs., 586 So.2d 452 (Fla. 1st DCA 1991), rev. dismissed, 595 So.2d 556 (Fla.1992) (same); Hodges v. Division of Administration, State, Dept. of Transp., 328 So.2d 275 (Fla. 2d DCA 1975) (purpose of statute requiring condemning authority to pay all reasonable costs and attorneys’ fees incurred by property owner is to permit owner to contest condemning authority’s value placed on,the property and at same time come out whole); Anderson v. Town of Groveland, 113 So.2d 569 (Fla. 2d DCA 1959) (property owner is entitled in part to receive additional compensation for payment of its attorney’s fees and other costs incurred in the defense thereof). See e.g., Jacksonville Terminal Co. v. Blanshard, 77 Fla. 855, 82 So. 300 (1919) (constitutional provision granting railroad companies right of eminent domain does not prohibit legislature from providing for payment of attorney’s fees to party whose land is sought to be condemned). Because a mortgagee, a mere lienholder, does not have such an ownership interest, it is not entitled to attorney’s fees. Moreover, it is well established that a party is entitled to attorney’s fees only as set forth in a contract or by statute. In this case, appellee could have contracted with appellant for the attorney’s fees it now seeks but it failed to do so. The contractual provision upon which it relies in the purchase agreement for fee between appellant and Estate in which appellant acknowledged that it was responsible “to OWNER’S COUNSEL” for the payment of attorney’s fees and costs under applicable condemnation law establishes nothing because appellant did not agree to the amount of the fees and costs.
AFFIRMED.
ANTOON, J., concurs.
PETERSON, J., concurs specially in result only.