SILBERMAN, Judge.
Golf Course Resorts, Inc. (GCR), E. Edward Holloway, Jr., and Mary Ann Holloway appeal the orders of the trial court denying their motions to tax attorney’s fees and costs. We reverse.
In August 2000, the Department filed a petition to exercise its right of eminent domain to condemn property located in Polk County, Florida. GCR and the Hol-loways were not named as defendants and were not served with the petition. When GCR and the Holloways learned of the eminent domain proceedings, they timely filed answers and affirmative defenses pursuant to section 73.051, Florida Statutes (2000). The statute provides that “[a]ny person interested in or having a hen upon *237 the property, whether named as a defendant or not, may file his or her written defenses to the petition, as a matter of right, on or before the return date set in the notice or thereafter by leave of court.” Id.
In their answers, GCR and the Hollo-ways alleged their interests in the property, raised various defenses, and demanded damages, attorney’s fees, and costs. The Department asserted that GCR and the Holloways were not parties and that they were required to file motions to intervene in the proceedings.
In December 2000, the Department filed a notice of voluntary dismissal of its petition. GCR and the Holloways then filed motions to tax their attorney’s fees and costs against the Department. Following a hearing, the trial court denied the motions for fees and costs. The trial court concluded that because GCR and the Hol-loways were not parties and did not seek to intervene in the eminent domain proceedings, they lacked standing and were not entitled to recover their attorney’s fees and costs.
In this appeal, GCR and the Hollo-ways argue that because they timely filed their answers and defenses as authorized by section 73.051, the trial court erred in not allowing them to establish their entitlement to fees and costs. We agree.
Based on the language of section 73.051, GCR and the Holloways had the right to file their defenses to the petition without filing motions to intervene in the proceedings. While a predecessor statute included a provision for an interested person to become a party by filing a petition of intervention, the current statute contains no reference to intervention or the filing of a petition or motion to intervene. Compare § 73.05, Fla. Stat. (1963), with § 73.051, Fla. Stat. (2000). The language regarding intervention was omitted when the eminent domain statutes were modified in 1965. See ch. 65-369, Laws of Fla. Therefore, the trial court erred in concluding that GCR and the Holloways lacked standing in the eminent domain proceedings.
Regarding the motions to tax attorney’s fees and costs, section 73.091, Florida Statutes (2000), obligates the Department to pay attorney’s fees and all reasonable costs incurred in the defense of the proceedings. Section 73.092(1), Florida Statutes (2000), provides that the trial court shall award attorney’s fees based solely on the benefits achieved for the client. Section 73.092(l)(b) states that the trial court may also consider nonmonetary benefits that were obtained through the attorney’s efforts, to the extent that such benefits are specifically identified by the court and can be quantified within a reasonable degree of certainty. Moreover, the Department’s voluntary dismissal of the petition did not divest the trial court of jurisdiction to consider the motions for fees and costs. See City of Hallandale v. Chatlos, 236 So.2d 761, 763 (Fla.1970); State, Dep’t of Transp. v. ABS Prop. P’ship, 693 So.2d 703, 705 (Fla. 2d DCA 1997).
We reverse the order denying the motions for attorney’s fees and costs. On remand, in order to recover their fees and costs, GCR and the Holloways must prove their allegations that they are interested in the property within the meaning of section 73.051, and they must prove the amount of their recoverable fees and costs pursuant to sections 73.091 and 73.092. See State, Dep’t of Transp. v. Ben Hill Griffin, Inc., 636 So.2d 825, 826 (Fla. 2d DCA 1994).
Reversed and remanded.
FULMER and GREEN, JJ., Concur.